## JIM CASE v. STATE.

No. A-1738.   Opinion Filed March 14, 1914.

(139 Pac. 322.)

1. **LARCENY—Elements of Offense—Burden of Proof.** The want of consent of the owner to the taking of his property alleged to have been stolen is an essential ingredient of the crime of larceny, and, in order to support a conviction for the crime of larceny of domestic animals, the proof must show that said property was taken without the consent of the owner.

2. **SAME—Sufficiency of Evidence.** In a prosecution for larceny of domestic animals, the evidence examined and held insufficient to warrant a verdict of guilty.

*Appeal from District Court, Pontotoc County;*
*Tom. D. McKeown, Judge.*

Jim Case was convicted of grand larceny, and appeals. Reversed.

*Stone & Maxey,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error, Jim Case, and Aubrey McCall were jointly charged by information with the larceny of

ten hogs, the property of one H. Hensler. A severance was demanded and granted. On his trial, Jim Case was found guilty and sentenced to be imprisoned for the term of one year in the penitentiary.

Of the various errors assigned, it is only necessary to consider the first: That the verdict of the jury is contrary to the evidence. After a careful examination of the record, we do not believe, that the evidence is sufficient to warrant the verdict and judgment rendered in the court below. The evidence shows that H. Hensler, a farmer living in the northeast part of Pontotoc county, had some hogs marked with a crop, split and underbit in each ear, running at large in the neighborhood; that the defendant hauled ten of these hogs to the town of Sasakwa and there sold them. H. Hensler, the alleged owner of the hogs, testified that he did not think he gave Jim Case permission to sell any of his hogs. On cross-examination he stated, "I received the pay for those hogs," and that he made no complaint against the defendants. Jim Hensler testified: That he was the son of H. Hensler, and that he received from Jim Case the money for the hogs. That Case had complained about the hogs being in his field, and witness said to him: "Take the damn things and sell them.' That's just the words I said to him." That he had authority to sell anything that was on his father's place.

The want of consent of the owner to the taking of his property alleged to have been stolen is an essential ingredient of the crime of larceny of domestic animals, and, in order to support a conviction, the proof must show that the animals were taken without the consent of the owner. In this case the testimony of the witnesses for the state is to the effect that the hogs were taken with the consent of the owner, and the owner testifies that he received payment therefor. It follows that the evidence is insufficient to warrant a verdict of guilty.

For the reasons stated, we are of opinion that the evidence is insufficient to support the judgment. The judgment of conviction is therefore reversed, and the cause remanded.

ARMSTRONG, P. J., and FURMAN, J., concur.