## DAVE BECK v. STATE.

No. A-2567.   Opinion Filed July 30, 1917.

(166 Pac. 753.)

1.   **LARCENY—Indictment—Sufficiency.** An information charging larceny of live stock should contain an allegation to the effect that the property alleged to have been stolen was taken without the knowledge or consent of the owner, and when no such allegation is set forth, and a demurrer is timely filed, it should be sustained, and a proper information substituted.

2.   **TRIAL—Instructions—Punishment.** A trial court has no authority to authorize the jury by his instructions to fix any punishment other than that provided by the statute.

*Appeal from District Court, Texas County;*
*W. C. Crow, Judge.*

Dave Beck was convicted of larceny of live stock, and he appeals.   Reversed and remanded.

*John S. Harris, James E. Breslin, J. O. Lynch,* and *J. L. Gilson,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   Dave Beck was convicted in the district court of Texas county at the May, 1915, term, on a charge of larceny of a domestic animal, and his punishment fixed at imprisonment in the state penitentiary for one year.   The appeal is brought to this court by him for a reversal of the judgment.

The information charges the larceny of a steer.   The charging part of the information is as follows:

"That said Dave Beck and said J. A. Beck did, in Texas county and in the State of Oklahoma, on the 20th day of January, 1914, then and there unlawfully, willfully, and feloniously by fraud and stealth take, steal, and carry

away of the personal property of one Robert Davies one certain red steer with white in its face branded T on left flank, a more accurate description of which animal is to this informant unknown, with the unlawful, willful, and felonious intent upon the part of the said Dave Beck and J. A. Beck to deprive the owner, the said Robert Davies, thereof, and with the intent to willfully, unlawfully, and feloniously convert the same to the use and benefit of the said Dave Beck and the said J. A. Beck."

The proof offered on behalf of the state tended to establish the fact that prosecuting witness, Davies, and four or five other cattle owners in Southern Kansas, went to Dave Beck in Texas county, Okla., in 1914, and contracted with him to pasture several hundred head of cattle for them, in return for certain compensation agreed upon. At a later date, when the contract had expired, all these owners went to Beck's place and received their cattle and drove them back to Kansas. There were four or five head belonging to Davies that were not accounted for. Beck claimed that they had died. At a later date one of the Davies cattle was found in the possession of a cattleman in Northern Texas, to whom it had been sold by Beck.

In his defense Beck offered testimony tending to show that all of the cattle missed by witness Davies had died except the one sold by him to the Texas cattleman, and that this steer was found sometime after the Davies cattle had been moved back to Kansas; that he wrote Davies a letter telling him that the steer was there and advising that they had driven off one of his and offered to swap the one they had taken away for the one he had found in his neighborhood belonging to them; that he also sent word to Davies by another cattleman in the community who was absent from the trial; that he assumed the arrangement

would be satisfactory, and sold the steer, and never went to Kansas to recover his steer taken away by Davies.

Davies denied receiving any letter or any information of this character from any source.

A demurrer was filed to the information and over-ruled by the court. The court instructed the jury that, if they found the defendant guilty beyond a reasonable doubt, they should fix his punishment at imprisonment in the state penitentiary for a term of not less than one year nor more than ten years. The instruction was objected to at the time on the ground that it did not correctly state the law.

Many assignments of error are urged in the brief. The propositions suggested in the foregoing, however, are all that will be discussed.

The information, it will be noted, charges that the defendant, Beck, together with another, unlawfully, will-fully and feloniously, by fraud and stealth, did take, steal, and carry away the steer in question, with the unlawful, willful, and felonious intent upon the part of the takers to deprive the owner thereof, and with the intent willfully, unlawfully, and feloniously to convert the same to the use of the takers, but nowhere in the information is it alleged that the taking of the property was without the knowledge or consent of the owner.

In *Bryan v. State*, 11 Okla. Cr. 180, 144 Pac. 392, this identical question was before the court, and the information held insufficient.

In *Jackson v. State*, 10 Okla. Cr. 525, 139 Pac. 324, the same question was raised, and we said:

"The want of consent of the owner to the taking of his property alleged to have been stolen is an essential ingredient of the crime of larceny of domestic animals."

In *Case v. State,* 10 Okla. Cr. 502, 139 Pac. 322, the same doctrine was promulgated.

Under these authorities the court should have sustained the demurrer to the information and caused a proper one to be substituted.

For the purpose of disposing of this case, it is not necessary to determine the assignment based upon the instruction of the court authorizing the jury to fix the punishment at from one to ten years. It will be noted, however, that in this case the instruction was specifically objected to and the court's attention called to the fact that it did not state the law. When this objection was made and the court's attention directed to the specific point, it was error to give the instruction, and the court was wholly without warrant in doing so. The statute fixes the punishment for this offense at not less than two years nor more than ten years, and the trial court had no right to substitute the minimum of one year for the minimum of two years as fixed by the law of the land.

We are not unmindful of the doctrine announced in the case of *Coleman v. State,* 6 Okla. Cr. 252, 118 Pac. 594, and the authorities there cited. It does not appear from the Coleman Case that the instruction was given over the objection and exception of the accused, nor does it so appear from the quotations in any of the cases relied upon to support that opinion. A careful examination of all of these opinions has not been made by the writer. We know of no sound rule of law, however, that allows the trial court to substitute his instructions for the statute as pro-

mulgated by the lawmakers. A trial court will sometimes inadvertently make these mistakes, and when they are acquiesced in by counsel for the defendant, and no objection is made and no exception reserved, and when the punishment is of that character authorized by the statute, there may be some warrant for upholding a judgment of conviction, and it is probable the class of cases quoted in the Coleman Case, *supra,* was the class the various courts were considering. This would not be sound policy, however, when the action taken by the court was over the objection and exception of a defendant.

The judgment is reversed, and the cause remanded.

DOYLE, P. J., and MATSON, J., concur.