## CURT YATES *et al.* v. STATE.

No. A-2468.   Opinion Filed August 4, 1917.

(166 Pac. 904.)

LARCENY—Information—Sufficiency. An information charging larceny of live stock should contain an allegation to the effect that the property alleged to have been stolen was taken without the knowledge or consent of the owner, and when no such allegation is set forth, and a demurrer is timely filed, it should be sustained and a proper information substituted.

*Appeal from District Court, Texas County;*
*W. C. Crow, Judge.*

Curt Yates and Roy Guffey were convicted in the district court of Texas county for the crime of larceny of domestic animals, and each sentenced to serve a term of one year's imprisonment in the state penitentiary, and they appeal. Reversed and remanded.

*John S. Harris, Jas. E. Breslin, Jas. O. Lynch,* and *R. L. Cooke,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the district court of Texas county, wherein the plaintiffs in error were convicted of the crime of the larceny of domestic animals, and their imprisonment fixed at one year's imprisonment in the state penitentiary. From said judgment of conviction they have appealed to this court, and assign some 20-odd reasons why this judgment should be reversed. It will be necessary to discuss only two of the alleged errors.

It is contended that the court erred in overruling the demurrer to the information. The charging part of the information is as follows:

"That the said Curt Yates and the said Roy Guffey did in Texas county, State of Oklahoma, on or about the 16th day of March, 1914, then and there unlawfully, willfully, and· feloniously, by fraud and stealth, take, steal, and carry away, of the personal property of one Claude Terry, one certain light red steer yearling with white in its face, a more accurate description of which animal is to this informant unknown, with the unlawful, willful, and felonious intent on the part of the said Curt Yates and the said Roy Guffey to deprive the owner, the said Claude Terry, thereof, and with the intent to willfully, unlawfully, and feloniously convert the same to the use and benefit of the said Curt Yates and the said Roy Guffey," etc.

In the case of *Dave Beck v. State, ante,* p. 3, 166 Pac. 753, this court, in an opinion by Armstrong, J., held an information in language substantially the same as the foregoing to be insufficient because there was a failure to allege that the property was taken without the knowledge or consent of the owner thereof, the court citing the following cases: *Bryan v. State,* 11 Okla. Cr. 180, 144 Pac. 392; *Jackson v. State,* 10 Okla. Cr. 525, 139 Pac. 324; *Case v. State,* 10 Okla. Cr. 502, 139 Pac. 322. Upon the authority of the Beck Case, therefore, this judgment must be reversed, and the cause remanded, with instructions to the trial court to permit the information to be amended.

It also appears from the record in this case that the court in instructing the jury as to the punishment for the crime of larceny of live stock gave the minimum punishment at one year's imprisonment in the state penitentiary, when by statute the minimum is fixed at two years' imprisonment in the penitentiary. The jury returned a ver-

dict fixing the punishment at one year's imprisonment in the penitentiary. This instruction as to punishment is erroneous, and the trial court should be very careful in examining to see whether or not the statutes of this state defining punishment have been amended by recent legislation.

If this court should sustain a judgment of conviction of grand larceny and permit the court to instruct, and the jury to return, a verdict fixing the punishment for said offense at that prescribed for petit larceny, we could, with equal good grace, permit a person to be tried and convicted of murder, and the punishment for assault and battery to be inflicted. The instructions as to punishment must conform with the punishment prescribed by the statute. The courts have no authority to encroach upon the legislative prerogative of prescribing the punishment for crime.

The judgment is reversed, and the cause remanded for further proceedings in accordance herewith.

DOYLE, P. J., and ARMSTRONG, J., concur.