Argued at Pendleton May 7, appeal dismissed May 28, 1918.

## SEAWEARD *v.* MALHEUR DRAINAGE DIST.

(173 Pac. 462.)

**Appeal and Error—Record—Drainage Establishment Proceeding.**

1. Under drainage district law, allowing appeal from County Court to Circuit Court to be taken in the same manner as appeal in an equity case, and Section 556, L. O. L., providing that on appeal from a decree given in any court, suit shall be tried anew on the transcript and evidence accompanying it, appeal from Circuit Court, which dismissed appeal from County Court, which overruled objections to assessment of benefits in proceeding for establishment of a drainage district, will be dismissed, the record not showing the original petition or notice, constituting the process, nor any testimony on the issues, so that it is impossible to give any intelligent attention to appellant's complaint.

From Malheur: DALTON BIGGS, Judge.

In Banc.

From statements in the briefs it seems that the matter under consideration arose in a proceeding for the formation of a drainage district in Malheur County under Chapter 340 of the Laws of 1915. Only a fragment of the record appears in the transcript or abstract, as follows:

"Now on this 25th day of April, A. D. 1917.

"J. H. SEAWEARD.

"It is therefore ORDERED, ADJUDGED AND DECREED that the Objections and Exceptions of J. H. Seaweard

as to the assessment of benefits to SE. ¼ NW. ¼, W. ½ NE. ¼ SW. ¼ Sec. 8, Twp. 18 S. R. 47 E. W. M., be and the same are hereby overruled and the assessment of the benefits and damages thereto as assessed by the commissioners is approved and in all respects confirmed and same is hereby made a lien on the said land all as hereinafter more specifically shown in the tabulated list of assessments and levies.''

This was the extent of the record upon appeal from the County Court to the Circuit Court, and the latter tribunal dismissed the appeal, from which decision J. H. Seaweard has appealed to this court.   The same question is presented for our determination.

APPEAL DISMISSED.

For appellant there was a brief and an oral argument by *Mr. C. McGonagill.*

For respondent there was a brief over the name of *Messrs. McCulloch & Wood,* with an oral argument by *Mr. Wells W. Wood.*

BURNETT, J.—1. The foundation of any judgment or decree is in the pleadings and other papers giving jurisdiction to the court rendering the decision and in equity cases on appeal these must be accompanied by the testimony taken in the court of original jurisdiction.   Without knowledge of the fundamentals, we are unable to determine the validity of the superstructure embodied in the decree.   In the drainage district law it is provided that an appeal may be taken from the decision of the County Court to the Circuit Court in the same manner as appeals are taken in equity cases, as by law provided.   After reference to appeals from judgments it is said in Section 556, L. O. L.:

"And upon an appeal from a decree given in any court the suit shall be tried anew upon the transcript and evidence accompanying it."

There is nothing in the record before us showing the original petition or the notice serving the office of process, nor any testimony whatever upon the issues involved. It is impossible from these data to give any intelligent attention to the plaint of the appellant. The appeal must therefore be dismissed.

APPEAL DISMISSED.