# LESTER KEETER v. STATE.

No. A-2907.   Opinion Filed October 14, 1918.

(175 Pac. 263.)

1. **APPEAL AND ERROR—Record.** Alleged errors must be supported by the record, else there is nothing for this court to consider.

2. **SAME—Review—Weight of Evidence.** This court is only concerned with questions of law as applied to the facts in the admission or rejection of evidence, and, where evidence was clearly admissible, the argument advanced that such evidence was of little probative force cannot be considered as a ground for reversing the judgment.

3. **TRIAL—Misdemeanor Case—Verdict in Absence of Defendant.** In misdemeanor cases, it is within the discretion of the trial court to permit a verdict to be rendered in the absence of the defendant.

*Appeal from County Court, Cotton County;*
*J. C. Norman, Judge.*

Lester Keeter was convicted of the crime of unlawful possession of intoxicating liquors, and his punishment fixed at a fine of $50 and imprisonment in the county jail for 30 days, and he appeals. Judgment affirmed.

*John M. Young,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the state.

MATSON, J. The defendant, Lester Keeter, was convicted in the county court of Cotton county of the crime of having unlawful possession of intoxicating liquors, and his punishment fixed at a fine of $50 and imprisonment in the county jail for 30 days. He has appealed from this judgment of conviction, and assigns as error, first, that the trial court permitted the witness

Coleman, sheriff of Cotton county, to testify to a certain conversation had with the wife of the defendant at the home of the defendant, at the time said sheriff was executing a search warrant for the discovery of intoxicating liquors. It is claimed that such evidence was hearsay, and was in effect compelling the wife to be a witness against the husband in violation of section 5882, Revised Laws 1910.

The record discloses the following questions and answers as a basis for this assignment of error:

"Q. Did you find anything in that closet except what you told about?. A. Did not. Q. During that time Mrs. Keeter was in bed? A. Yes, sir. Q. During that time did she say anything? A. Only replied to my questions. Q. What were they? A. I asked her what there was in bed that made that bulky bundle? (Defendant objects to any questions had between the witness and the wife of the defendant, as incompetent, irrelevant, and immaterial and hearsay. (Question withdrawn by county attorney.) Q. Had you noticed something about the bed that caught your attention to the condition? A. I did. Q. What was that? A. It was unusually bulky, or something in bed there didn't look natural to me. Q. What position in the bed was that bulk in, was in one end or the middle? A. Just behind Mrs. Keeter to the west. Q. She was in bed? A. Yes, sir. Q. Was some of the children in there also? A. Baby. Q. Just a baby? A. Yes, sir. Q. Do you know whether or not she was under the cover, and if there was any cover? A. Yes, sir. Q. She was under the cover? A. Yes, sir. Q. I believe now I will ask you what it was you and Mrs. Keeter said. (Objected to by the defendants as incompetent, irrelevant, and immaterial, and not bearing on the case and attempting to make the wife a witness against the defendant.) By the Court: That would depend on if the defendant was present. By Mr. Morris: Q. Well, I will ask you if he was present. A. He was standing just outside the door in the room. Q. Do you know whether he

heard all that was said?   A.   He could have heard, but I don't know if he did or not.   Q.   Then you found nothing there then at that time you was hunting for?   A.   Did not."

From the foregoing excerpt of the record it is clear that the defendant's wife was not permitted to testify to any conversation with the witness Coleman.   There is no foundation for this assignment of error.   Alleged errors must be supported by the record, else there is nothing for this court to consider.   *Fain v. State,* 14 Okla. Cr. 556, 174 Pac. 296.

It is next contended that the court erred in permitting one Williams, a witness, to testify to an alleged sale of whisky by this defendant to the said Williams some several months prior to the time the search was made, and this particular whisky discovered.   Counsel admit that evidence of prior sales is admissible in cases of this kind for the purpose of proving intent to sell, but contend that the alleged sale to Williams was "too remote and his testimony too uncertain and incredible to receive serious consideration."

The objection goes, not to the immateriality or incompetency of the evidence, but is directed rather to the weight to be given it.   The weight to be given to the evidence, as well as the credibility of witnesses, is a matter for the jury to determine.   This court is only concerned with questions of law as applied to the facts in the admission or rejection of evidence, and, as this evidence was clearly admissible under former decisions of this court, the argument advanced that it was of little probative force cannot be considered as a ground for reversing the judgment.

It is also contended that the court received the verdict in the absence of the defendant.   This assignment is without merit.   Section 5919, Revised Laws 1910, provides

that, where the information charges a misdemeanor, the verdict may, in the discretion of the court, be rendered in the absence of the defendant. In this case it appears that the defendant was at large on bond, and that he voluntarily absented himself from the courtroom during the time the jury was deliberating upon a verdict. Under such circumstances, he will not be heard to complain that the court, in the exercise of its discretion, received the verdict in his absence, although a jail sentence was imposed by the jury. The foregoing statute expressly provides that in misdemeanor cases the verdict may be rendered in the absence of the defendant.

An examination of the record convinces the court that the defendant had a fair and impartial trial, and that the evidence is sufficient to support the verdict and judgment.

The judgment of conviction is therefore affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.