## CHARLES ROACH et al. v. STATE.

No. A-3783.     Opinion Filed April 28, 1923.
(214 Pac. 563.)
(Syllabus.)

1.     Larceny—"Steal" and to "Take by Stealth" Defined. The word "steal" and the expression to "take by stealth" have a uniform signification in common as well as in legal parlance; they mean the felonious taking and carrying away of the personal goods of another; they mean to take without right, secretly, and without leave or consent of the owner.

2.     Larceny—Larceny of Automobile—Sufficiency of Information. Held, in this case, that the information was sufficient, and that the court committed no error in overruling the demurrer.

Appeal from District Court, Craig County; A. C. Brewster, Judge.

Charles Roach and another were convicted of the larceny of an automobile, and they appeal. Affirmed.

See, also, 17 Okla. Cr. 731, 189 Pac. 746.

W. P. Thompson and Clyde McGary, for plaintiffs in error.

The Attorney General, and C. W. King, Asst. Atty. Gen., for the State.

BESSEY, J.    Charles Roach and F. H. Anthony, plaintiffs in error, together with James J. Kelly, were by information filed in the district court of Craig county on November 3, 1919, jointly charged with the theft of an automobile. At the trial, November 25, 1919, by a verdict of the jury, each of the persons named was found guilty as charged. On November 29, 1919, the court rendered judgment upon the verdict, assessing the punishment of Charles Roach at imprisonment in the penitentiary for a term of 10 years, and the punishment of F. H. Anthony at imprisonment in the penitentiary for 5 years. From this judgment plaintiffs in error appeal to this court.

There is but one assignment of error urged in the brief filed by plaintiffs in error. The other alleged errors set out in the petition in error may be considered as waived.

The charging part of the first count of the information upon which the accused men were tried and convicted is as follows:

"That the said Charles Roach, James J. Kelly, and F. H. Anthony in the city, county, and state aforesaid, on the 28th day of July, 1919, did knowingly, willfully, unlawfully, feloniously, wrongfully, fraudulently, and stealthily take, steal, and carry away one 1919 model, 5-passenger Ford automobile, the personal property of a person or persons unknown, and not the personal property of Charles Roach, James J. Kelly, and F. H. Anthony, and of the value of $500 with the unlawful, fraudulent, and felonious intent then and there on the part of them, the said Charles Roach, James J. Kelly, and F. H. Anthony, to deprive said person or persons unknown of said property, and to convert the same to the use and benefit of them, the said Charles Roach, James J. Kelly, and F. H. Anthony, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

A demurrer to this count was interposed, stating that the allegations as set out were insufficient to constitute a public offense. The demurrer was by the court overruled. The question of whether or not the overruling of this demurrer was error is the only question remaining for the consideration of this court.

The accused claimed that the information was insufficient because it failed to state in specific language that the property alleged to have been stolen was taken "without the consent of the owner."

The rules of pleading relating to the larceny of automobiles and the larceny of live stock are the same under our practice. In the case of Underwood v. State, 23 Okla. Cr. 119,

212 Pac. 1010, it was held that, where an information charging the larceny of live stock recited that the property was taken "by fraud and stealth, with the felonious intent to permanently deprive the owner thereof," there was a sufficient averment as to the taking being without the consent of the owner. It will be observed that in the information here at issue the words "stealthily" and "steal" are both used. These words have a common signification, as well as a settled legal signification, to the effect that to steal and to take stealthily clearly indicate that the taking was done without the consent of the owner. In the case of Clifton Cope v. State, 23 Okla. Cr. 161, 213 Pac. 753, it was said:

"The word 'steal' in an information has a uniform signification in common as well as in legal parlance; it means the felonious taking and carrying away of the personal goods of another; it means to take without right, secretly, and without leave or consent of the owner."

Applying the law as declared in these two cases to the case here, we hold that the information was sufficient, and that the court committed no error in overruling the demurrer. As stated in the Underwood Case, the cases of Beck v. State, 14 Okla. Cr. 3, 166 Pac. 753, and Yates v. State, 14 Okla. Cr. 10, 166 Pac. 904, in so far as they are in conflict with the principles here announced, are expressly overruled.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.