### J. A. BIRD v. STATE.

No. A-6190.   Opinion Filed May 8, 1928.
(267 Pac. 281.)

James M. Hays and Floyd Wheeler, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J.   This appeal is from a judgment of

conviction rendered on the verdict of a jury finding the defendant guilty of grand larceny and fixing his punishment at imprisonment in the penitentiary for the term of one year and one day. The information charges that the defendant, J. A. Bird, on or about the 4th day of June, 1925, did take, steal, and carry away one manila cable of the value of $200, the personal property of P. J. Vogel and J. E. Taylor.

For a reversal of the judgment, the defendant relies upon the insufficiency of the evidence to support the verdict and exceptions taken to instructions given.

The testimony shows that J. E. Taylor and P. J. Vogel, partners, operating under the firm name of the Macey Drilling Company, were drilling an oil well for the Henry Oil Company, on a lease in Okmulgee county, about 6 miles south of the town of Beggs. Taylor and Vogel were using a manila cable of about 500 feet, from which cable they had cut one bull rope of about 90 feet in length, and besides this had another bull rope, a soft laid rope, that they were using on said lease.

Late in May, 1925, Taylor and Vogel quit drilling, and this manila rope was left laying close to the derrick on the lease. It was last seen by Vogel on June 2, 1925, and by Taylor on June 3d, at which later time it was still on the lease. Taylor returned to the lease on June 6, 1925, and the cable was missing. The evidence shows that neither he nor Vogel gave anybody consent to take this cable. An immediate search was started to find the cable. Vogel went to all the junk yards in Okmulgee, and also to the city of Okemah, but could find no trace of the cable at either of these places. On the 7th day of June Vogel received information that caused him to go to the city of Muskogee on the morning of June 8th in search of this cable. There in possession of the Kansas City Iron & Metal Company, a

junk shop, operated by J. H. Lumal and others, Vogel discovered a large quantity of this cable, cut up into lengths of about 3 feet, also parts of the soft laid bull rope. Samples of this cable were taken into possession by Vogel, and, upon the trial, both Vogel and Taylor positively identified the same as part of the rope stolen from their lease.

It appears that the defendant, Bird, had constructed a derrick for the Henry Oil Company, and was familiar with the location of this lease and of the property located thereon before this larceny took place.

The witness J. H. Lumal positively identified the defendant as the man from whom he had purchased on the 8th day of June, 1925, 700 pounds of manila cable rope, cut up into lengths of about 2½ feet each, and testified that he paid the defendant $10 in cash, and gave him a check for $12.20 in payment for the same, the price paid being 3 cents a pound.

At the close of the evidence for the state the defendant demurred, and moved for a directed verdict of acquittal. The court overruled the demurrer and the motion for a directed verdict of acquittal. The defendant did not testify.

It is contended in this court that the verdict is not sustained by sufficient evidence, in that there is no proof of identification of the pieces of rope taken by the witness Vogel from the Lumal junk shop as being parts of the stolen cable.

Suffice to say that the evidence on the part of the state, like the evidence in every larceny case, is largely circumstantial. The identification of the parts of the cable found in the possession of the Kansas City Iron & Metal Company, at Muskogee, two days after the cable was missing, and which was undisputed, is amply suffi-

cient to trace the possession of the stolen property to this defendant. The fact that the cable was cut up into small lengths and sold for the price of about one-tenth of what it was worth, coupled with the unexplained recent possession of the stolen property, we think sufficient to justify the verdict.

The only recital in the record as to the instructions is as follows:

"The Court: Defendant excepts to the giving of instruction No. 4. Let the record show that 4½ was given at the request of defendant, and then given an exception to the giving of No. 5, and show that 5½ was given at the request of defendant, and show that instruction No. 6½ was given at the request of defendant."

Thus it appears from the record that the only instructions requested by defendant were given.

Taken as a whole, the law of the case is fairly presented in the instructions given.

Complaint is made of alleged "misconduct of the county attorney in making all of his argument to the jury after the argument of the attorney for the defendant."

The question argued is not presented by the record. It merely shows that, in the motion for new trial, which was not verified, this is set forth as a ground for new trial.

It is the well-settled doctrine in this state that error must affirmatively appear from the record. It is never presumed. Every presumption is in favor of the regularity of the proceedings had upon the trial. Killough v. State, 6 Okla. Cr. 311, 118 P. 620; Keeter v. State, 15 Okla. Cr. 139, 175 P. 263; Proctor v. State, 22 Okla. Cr. 445, 211 P. 1057.

Upon a consideration of the whole case, no reversible error is found, and the judgment of the court below is affirmed.

EDWARDS and DAVENPORT, JJ., concur.