Argued March 21, on motion to dismiss appeal; appeal dismissed April 16; rehearing allowed October 8; argued on the merits March 21; reversed December 3, 1929

## MASON, EHRMAN & CO. *v.* ESTATE OF BEN P. LEWIS
(276 Pac. 281; 281 Pac. 123; 282 Pac. 772)

244

For appellant there was a brief over the names of *Mr. George W. Caldwell* and *Mr. D. E. Fletcher* with an oral argument by *Mr. Caldwell.*

For respondent there was a brief over the names of *Mr. Henry E. Perkins* and *Mr. R. C. Groesbeck* with an oral argument by *Mr. Perkins.*

McBRIDE, J.  This was a proceeding in the circuit court upon a claim presented to the administratrix of the estate of Ben P. Lewis, deceased, and by such administratrix rejected, whereupon the plaintiff by petition, as prescribed by § 1241, O. L., presented its claim to the county court for allowance, and, the claim being disallowed, appealed to the circuit court.

The judgment of the county court was rendered on the 24th day of July, 1926, and in the same month a notice of appeal to the circuit court was served and filed, and, as stated in the abstract, "the petition above mentioned and the claim thereto attached, as exhibit 'A,' were certified up to the circuit court."

The abstract is evidently incomplete in that it fails to show *when* the statement was certified up to the circuit court, but we glean from the imperfect record brought up to this court that up to December 27, 1927, the petition had not been certified up to the circuit court; that later, upon a motion to dismiss the appeal and counter-motion by plaintiff to be permitted to do so, the circuit court directed it to be sent up, and that it was so sent up and filed in the circuit court. Although the record brought here does not show the fact, we may fairly assume, and the brief of counsel for

defendant seems to concede, that there was a "short transcript" containing the judgment appealed from, "the notice of appeal and proof of service, and the undertaking on appeal," certified up within the statutory time. There is nothing to show that this transcript contained more, and the fact that the petition and copy of statement were not filed or brought up to the circuit court until December 26, 1927, when they were brought up presumably on the order of the circuit court taken in connection with the testimony of the clerk, clearly indicates that they did not accompany the "short transcript" which in itself did not intelligibly present the question to be decided. The court, under the statute, may extend the time for filing or completing the transcript, but under subd. 2, § 554, O. L., it is provided:

"If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, and the effect thereof terminated, but the trial court or the judge thereof, or the supreme court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same; but such order shall be made within the time allowed to file transcript, and shall not extend it beyond the term of the appellate court next following the appeal."

■ We take judicial notice that more than one full term of the circuit court of Klamath county had expired when the petition and statement herein were certified up to the circuit court. The petition was the very foundation of plaintiff's case. To omit it would be like omitting the complaint or an abstract of it from a proceeding on appeal to this court.

■ The responsibility for seeing that a correct transcript is filed in the circuit court rests solely upon

the appellant. Section 554, O. L., provides that the appellant shall file with the clerk of the appellate court a transcript or such an abstract as the law or the rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided.

■ Other subdivisions of the same section require the clerk to deliver certain papers, et cetera, connected with the appeal, to the appellant. In brief, it is the right of the appellant to have as much of the record as he sees fit certified to by the clerk and delivered to him, and it is his duty, and not the duty of the clerk, to deliver what he has obtained to the clerk of the appellate court. So the presumption is that the transcript certified up on the appeal contains what the appellant desired to have incorporated therein.

■ The present case is not complicated with matters pertaining to abstracts, and other matters incident to the limited rule-making power conceded to this court by the legislature, but a case to be construed solely by the terms of the statute.

In *Seaweard v. Malheur Drainage District*, 89 Or. 40, 41 (173 P. 462), Justice BURNETT in an opinion, dismissing the appeal, said:

"The foundation of any judgment or decree is in the pleadings and other papers giving jurisdiction to the court rendering the decision and in equity cases on appeal these must be accompanied by the testimony taken in the court of original jurisdiction. Without knowledge of the fundamentals, we are unable to determine the validity of the superstructure embodied in the decree. In the drainage district law it is provided that an appeal may be taken from the decision of the county court to the circuit court in the same manner as appeals

are taken in equity cases, as by law provided. After reference to appeals from judgments it is said in § 556, L. O. L.:

" 'And upon an appeal from a decree given in any court the suit shall be tried anew upon the transcript and evidence accompanying it.'

"There is nothing in the record before us showing the original petition or the notice serving the office of process, nor any testimony whatever upon the issues involved. It is impossible from these data to give any intelligent attention to the plaint of the appellant. The appeal must therefore be dismissed."

In that case the proceeding was in equity, but the principle enunciated is equally applicable to a law action, and, having the petition as part of the transcript, is certainly as necessary in the case at bar as in the case cited.

The case of *Walker v. Firemen's Fund Insurance Co.*, 122 Or. 179 (257 P. 701), is exactly in point here. The appellant filed the "short transcript" (notice of appeal, judgment and undertaking) within the statutory time, but was delayed by the failure of the court stenographer in getting out the transcript of testimony, and, owing to that fact, secured from the circuit judge consecutive orders extending the time, until the extensions reached past the next full term of the appellate court succeeding the taking of the appeal.

After a thorough consideration of the case, we held that the appeal must be dismissed, the court, in conclusion, saying:

"However, the legislature does have the power to prescribe that the appellant shall file so much of the record as may be necessary to intelligibly present the questions to be decided, and it does have the power to prescribe the time in which that record must be filed in this court. These provisions of the statute, while

not jurisdictional, are mandatory and must be obeyed. As stated the printed abstract was not filed in this court until the first day of the second term following the appeal. Until that time there was no record presented here sufficient to explain any question to be decided upon the appeal. The statute expressly says that the time for filing the transcript or abstract may be extended; but it also provides that it shall not be extended beyond the term next following the appeal.

"Appellant's failure to file this part of the record was fatal to the appeal and the motion to dismiss must therefore be allowed."

In this case, as in the case cited, the court was reluctant to turn the appellant out of court without a hearing on the merits, but deemed the provisions of the statute absolutely controlling.

The appeal is dismissed.

BROWN, RAND, and ROSSMAN, JJ., concur.

---

Rehearing allowed October 8, 1929.

ON PETITION FOR REHEARING
(281 Pac. 123)

For appellant *Mr. George W. Caldwell* and *Mr. D. E. Fletcher*.

For respondent *Mr. Henry E. Perkins* and *Mr. R. C. Groesbeck*.

McBRIDE, J. This is a petition for rehearing wherein the petitioner questions the accuracy of our decision, reported in 267 P. 281, dismissing plaintiff's appeal for the reason that his original claim presented to this administratrix was not brought up to the circuit court with the transcript on appeal from the county court. The transcript from the circuit court

contained a mass of detached papers rendering it difficult to ascertain what was and was not brought up. It now appears that the original claim was not brought up to the circuit court, and that defendant moved the court to dismiss the appeal for that reason. The circuit court denied the motion and made a rule on the clerk of the circuit court, who is also clerk of the county, to send up the original claim, which was done, although after the time for filing the transcript had expired.

■ Here is what we find, from the record, was contained in the transcript which was originally and timely sent up as a transcript and filed in the circuit court. It is a synopsis of what was done in the county court and appearing on the transcript filed in the circuit court, prepared by counsel for appellant, which synopsis we find to be substantially correct. It is as follows:

"1. In the matter of the estate of Ben P. Lewis, deceased.

"2. Order disallowing a portion of the claim of Mason, Ehrman & Co.

"3. The matter came on before the judge of the county court for decision.

"4. Mason, Ehrman & Co., having theretofore filed its claim for the sum of $3,712.44.

"5. On which claim Mason, Ehrman & Co., voluntarily allowed a credit of $81.42, leaving a balance claimed by it against the above mentioned estate of $3,631.02.

"6. Said claim having been presented to Hattie V. Lewis, administratrix of said estate, and said administratrix having disallowed $1,577.84 of said claim.

"7. Mason, Ehrman & Co., having filed in this court (county court) its petition praying that its said claim be allowed in full.

"8. Said cause came to trial in said court on January 12, 1926, before the judge of said court.

"9. Mason, Ehrman & Co., having produced evidence in support of its claim.

"10. Hattie V. Lewis, administratrix of said estate, having appeared and with her attorney, introduced evidence in support of her disallowance of said claim.

"11. Counsel for the respective parties having filed with the court arguments in writing in support of their respective petitions.

"12. The court having considered the testimony offered and the briefs of counsel and being advised in the premises.

"13. Ordered, that the disallowance of said claim of Mason, Ehrman & Co., in the sum of $1,577.84, be and here is approved, and said claim in that sum is disallowed by the court.

"14. That it is further ordered that said claim of Mason, Ehrman & Co. be allowed in the balance thereof, in the sum of $2,053.18.

"15. Claim restated as presented ..............$3,712.44
Voluntary credit ..............$    81.42
Disallowed ..........................  1,577.84
Allowed ...............................  2,053.18

$3,712.44.''

Section 554, O. L., is as follows:

"Transcript, Filing of—When Appeal Abandoned. Upon the appeal being perfected the appellant shall, within thirty days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the law or the rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal; if the cause is one on appeal to the supreme court, which it is provided by law or rules of the court

shall be submitted at Pendleton, the transcript and abstract shall be filed within the time and in the manner herein provided with the deputy clerk of the court at Pendleton; otherwise with the clerk of the court at Salem; and after compliance with the provisions hereof the appellate court shall have jurisdiction of the cause, but not otherwise.''

While the omission to bring up the original claim was a technical defect, we are now of the opinion that it was not of such a character as to deprive the court of jurisdiction, and that the record actually brought up was sufficient, in the language of the statute, ''to intelligibly present the question to be decided by the appellate tribunal.''

The writer of the opinion is free to state that he followed the opinion of Justice BURNETT in *Seaweard v. Malheur Drainage District,* 89 Or. 40 (173 P. 462). In that case, however, which was in equity, nothing appeared but the bare order dismissing the appeal taken to the circuit court. There was an entire want of anything from which the court could derive any intelligible information as to the issues to be tried, or that were tried in the circuit court. While the opinion of Justice BURNETT was absolutely correct as applied to the case he was considering, the writer of this opinion is convinced that he erred in applying it to the case at bar. It is therefore ordered that the opinion be set aside, that the motion to dismiss be denied, and that the case be now considered on its merits.

MOTION TO DISMISS APPEAL DENIED
ON PETITION FOR REHEARING

ON THE MERITS.

(282 Pac. 772)

For appellant there was a brief over the names of *Mr. George W. Caldwell* and *Mr. D. E. Fletcher* with an oral argument by *Mr. Caldwell.*

For respondent there was a brief over the names of *Mr. Henry E. Perkins* and *Mr. R. C. Groesbeck* with an oral argument by *Mr. Perkins.*

McBRIDE, J.  This controversy arose upon the rejection by the administratrix of a portion of a claim against the estate of Ben P. Lewis, deceased. Lewis died on March 19, 1924. At the time of his death, and for several years before, he had been engaged in the merchandise business in Klamath Falls, Oregon. In April, 1924, defendant Hattie V. Lewis, was appointed administratrix of his estate.

For several years the decedent had been a customer of the plaintiff Mason, Ehrman & Company, doing business with them largely on credit. After the death of Lewis, the plaintiff on April 28, 1924, presented a duly verified claim against the estate on an account running from June 29, 1920, to July 27, 1923, with various credits thereon, but leaving a balance due Mason, Ehrman & Company of $3,712.44.

The administratrix did not pass on the claim, either to allow or disallow it. After waiting for about 18 months for defendant to pass on said claim, plaintiff filed a petition with the county court setting forth its claim and asking that the county judge adjudicate the same. The defendant appeared by herself and counsel, and the claim was considered and passed upon by the county judge, who allowed the claim to the extent of $2,034.53, and disallowed it as to two other items, one of $637.68 and another of $940.16, constituting a total

amount of $1,577.68 disallowed. The amount allowed was paid before the trial in the circuit court so that the whole trial in the circuit court was practically in regard to the two items constituting the amount of $1,577.68 disallowed.

■ Owing to the peculiar condition of our statute, which does not require any pleading or written statement of the issues beyond the claim and the allowance or disallowance to be made upon the appeal, we can only gather what the real issues to be tried in the circuit court were from the testimony given and the obscure record and instructions, and the statement of the parties in the briefs. No censure is to be applied to counsel for failing to bring up a more explicit record as the law does not in terms require formal issues to be framed on the appeal from the county court. The procedure, barring the claim, comes as near approaching a primitive trial ''upon the oral altercation of the parties'' as prevails at this time in any judicial proceeding. At no stage of the proceedings or testimony do we find any question as to the genuineness of any item of goods sold and furnished. The items are practically admitted to be correct. Statements were furnished from time to time and not objected to, but the claim was not for an amount due upon a stated account, which in itself constitutes a cause of action, independent of the items of the account, just as a promissory note would, but for a balance on an open account; and it occurs to us that a claimant can no more present a claim due upon a balance of an open account and recover upon an account stated than he could present a claim upon a promissory note and recover an allowance of his claim by proving an open account. In proving an account stated upon a technical claim or action of that character, it is sufficient to prove that the

alleged creditor or debtor had an accounting of the matters between them, and that a balance due the creditor was either actually or impliedly agreed upon, which sum the debtor agreed to pay. This agreement and promise, whether actual or implied, if proved, places upon the debtor the burden of proving fraud or mistake in order to impeach it.

In an action, where no technical allegation of an account stated is made, the burden of proof is upon the creditor to prove the correctness of his claim by the usual course of evidence. It may well be that this may be done by introducing his books, or, if the account is an extended one, by copies of the original entries shown to have been made by a person competent to make them. Or the correctness of the balance may be shown by evidence that from time to time, as the articles were furnished, bills showing the items, both debits and credits, were furnished the debtor, who made no objection to them within a reasonable time. In other words, the correctness of the balance may be shown by evidence of the fact that an itemized account was furnished the alleged debtor and not objected to by him within a reasonable time, but this is a matter of evidence only and does not constitute the estoppel or change the burden of proof as it would were the claim based primarily upon an account stated.

Evidence of an account stated is relevant and proper in an action on an open account. The rule is clearly stated in *Theus & Marbury v. M. Jipson*, 3 Texas Court of Appeals, 231, 232, as follows:

"§ 190. Admission of an account stated, admissible in evidence in suit on open account. Appellants offered to prove that they had had a settlement with appellee prior to the institution of this suit, and that upon said settlement he admitted that he owed them

the amount sued for. This proposed evidence was rejected upon the ground that there was no allegation in the petition which would warrant its admission as the petition declared upon an open account, and the proposed evidence was with reference to an account stated. Held error. This suit is to recover the balance due upon an account. It is alleged in the petition that said balance was due and owing by appellee to appellants. Appellants were certainly entitled to prove this allegation by appellee's admissions. That the proposed evidence would prove an account stated, and therefore show a different cause of action than the one declared upon, is not such a variance between allegation and proof as would defeat recovery. In fact we perceive no substantial difference between the cause of action declared upon and the fact proposed to be proved. In both the cause of action is the unpaid balance of an account due. The admission of appellee that he owed said balance is proof of this cause of action, and not the cause of action itself. It is not necessary in a pleading to state the evidence by which the cause of action is to be established. (*Wells v. Fairbanks,* 5 Tex. 581.) The cause of action in this case is, that appellee owed appellants the balance of an account which he refused to pay. Appellants proposed to prove this cause of action by appellee's own admission. We can not perceive the reason of the rule which would exclude such evidence.''

See also *Stowe v. Sewall,* 3 Stewart & Porter, 67, 77, as follows:

''The third reason, it is believed, is equally untenable with either of the others. Because an account stated may be declared on as such, this does not preclude the plaintiff from introducing it under other counts, to which it may be applicable; and surely it would be novel doctrine to determine, that if, after action brought, the parties were to state an account, and the defendant were to thus acknowledge he was indebted to the plaintiff, this could not be given in evidence on the trial, when a verbal acknowledgment to the same effect would authorize recovery.''

■ A statement of the condition of the two items rejected is rather involved, but, so far as we can ascertain from the testimony, about March 12, 1923, Ben P. Lewis, being considerably indebted to plaintiff at the time, sold his grocery business to Owens Brothers. He was desirous of having plaintiff release him from his indebtedness to them and accept the Owens Brothers as its debtors in his place, which plaintiff refused to do, but the store and business was actually turned over to Owens Brothers and the business actually conducted by them in their own name. This continued until July 12 of the same year when the business was turned back to Mr. Lewis presumably because the purchasers were unable to make their payments. During the interval within which Owens Brothers were conducting the business, Nettleton-Bruce-Eschbach company, a railroad contracting firm, had become indebted to Owens Brothers in the sum of $940.16, and defendant claims that Owens Brothers sold and assigned this account to plaintiff with the agreement substantially that the account should be treated as so much cash to be applied on the account of Ben P. Lewis, which in effect would reduce the indebtedness of Owens Brothers to Lewis by that amount. Plaintiff denied this and introduced evidence tending to show that the account was only assigned to plaintiff for collection, and was not to be applied on Lewis' account with plaintiff until collected, which in effect it never was, except a small sum of about $45. Here was a final question for the jury.

■ In the course of the trial Mr. B. F. Owens was called as a witness and testified substantially, frequently referring to the book of accounts of the

firm of Owens Brothers, that he had a conversation with a representative of plaintiff in regard to the business generally of Owens Brothers in which he stated that he had the account of $940.16 against the Nettleton-Bruce-Eschbach company; that, if plaintiff would take that account and give a credit for the amount to Lewis on Lewis' debt to plaintiff, it would help Owens Brothers by reducing their indebtedness by that amount; that plaintiff's representative agreed to this, and that Owens Brothers assigned the account to plaintiff with that understanding and credited Lewis on his books, and a day or two later informed Lewis. This is a condensation of Owens' testimony. For dates, amounts, *et cetera,* he frequently referred to his book which he testified was truthfully and consecutively kept and was correct. The book itself was finally offered in evidence. The evidence itself was relevant and the witness had a right to refresh his memory from the book as to amounts, dates, *et cetera,* but it was not in itself substantive evidence and an objection to receiving it as such should have been sustained, as it did not appear that the witness was unable to recall the transaction from his own memory. If a witness, not a party to the transaction, is unable to recall a business transaction definitely, but swears that he wrote it down at the time it occurred and knows that it was recorded truly, the writing is sometimes admitted, but in this case such deficiency in recollection is not shown. While this is a small and rather technical matter, we do not refer to it as a basis for a new trial, but, as the case must be tried again, we refer to it so that the error may not recur again. The evidence as to the other item of $637.68 was properly admitted.

It is fair to say that the evidence as to these two items was very contradictory and came in under a running fire of objections from one side or the other, but, with the exception above indicated, we think the court ruled fairly and without any other technical error grave enough to warrant a reversal of this case. We can not say as much in regard to some of the instructions. The plaintiff is a corporation. Among the witnesses introduced by it, and, in fact, its chief witnesses, were the credit man, the manager of the Klamath Falls and Medford branch of its business, a clerk having charge of its collections in the Medford office, and another employe connected with the local branch of Klamath Falls. None of these witnesses were officers of the corporation, but employes having certain assigned duties. Without their testimony, the plaintiff could not establish its case, as it is apparent that no other persons would, in the nature of things, know about the relations and dealings of the various parties.

The court read the following excerpt from the statute to the jury:

"That no claim which shall have been rejected by the executor or administrator, as aforesaid, shall be allowed by any court, referee, or jury, except on some competent or satisfactory evidence other than the testimony of the claimant": § 1241, O. L.

The court gave this instruction:

"Now the claimant in this case is Mason, Ehrman and company, a corporation. A corporation is a legal entity under the law and can only be heard through its authorized representatives. Now the testimony of a corporation may be given to a jury by one, two or three, or any other number of its representatives; but the testimony of all of those representatives must be regarded by the jury solely as testimony of the corporation and can not be regarded otherwise.

"Therefore it is necessary for the jury in this case to determine whether there is any other evidence before you besides the testimony of the claimant that would warrant you in returning a verdict in this case."

This instruction practically made it impossible for plaintiff to recover. It is not true that a witness, who is an employe of a corporation is speaking for the corporation when he is on the witness stand. He is not the claimant and the fact that the claimant is a corporation "having no soul to be saved or body to be jailed" and can not testify, does not make its employes claimants, or their testimony the testimony of the corporation. They are sworn as *men* and testify in their individual capacity as men. To hold otherwise, would be to make it impossible for any large mercantile corporation to recover from the estate of a deceased person the value of goods sold to a decedent in his lifetime. Large firms such as Olds, Wortman & King, or Meier & Frank in Portland would have no other way of proving the fact of a sale to a merchant since deceased, if the evidence of their bookkeepers, clerks and salesmen were held insufficient. The instruction was erroneous upon a most vital point in the case.

While the issues were so confused that it was doubtless difficult for the court to state them clearly, we think too much emphasis was laid upon what the county judge had decided. It is difficult to draw an exact line in respect to this, but the court should in any future trial avoid, as far as practicable, making the decision of the case by the county judge a prominent feature of the charge.

For the reasons given above, the judgment is reversed and a new trial ordered.

REVERSED AND NEW TRIAL ORDERED.

BROWN, RAND and ROSSMAN, JJ., concur.