BABERS v. STATE.

## Opinion delivered June 1, 1925.

1. SEDUCTION—CORROBORATION OF PROSECUTRIX.—To sustain a conviction for seduction under a promise of marriage, the prosecuting witness must be corroborated as to the promise of marriage and the fact of sexual intercourse.

2. SEDUCTION—SUFFICIENCY OF EVIDENCE.—In a prosecution for seduction under promise of marriage, evidence corroborating the prosecutrix *held* sufficient to sustain a conviction.

3. CRIMINAL LAW—INSTRUCTIONS SINGLING OUT EVIDENCE.—Requested instructions singling out certain evidence and instructing as to the weight to be given to it *held* properly refused; the weight of the evidence being a jury question.

4. CRIMINAL LAW—ADMISSION OF ACCUSED.—In a prosecution for seduction, a statement of the accused that he was going to marry the prosecutrix *held* competent as an admission corroborating testimony of the prosecutrix that he had promised to marry her.

Appeal from Sevier Circuit Court; *B. E. Isbell,* Judge; affirmed.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HART, J. Willie Babers was indicted and convicted before a jury of seducing Era Zachary under a promise of marriage. The case is here on appeal.

For a reversal of the judgment it is contended that there is not sufficient corroborating evidence of the prosecuting witness. Under our statute the defendant in a seduction case shall not be convicted upon the testimony of the prosecuting witness, unless corroborated by other evidence as to the promise of marriage, and the fact of sexual intercourse. *Lasater* v. *State,* 77 Ark. 468.

According to the testimony of the prosecuting witness, the defendant kept company with her for several months. He promised to marry her, and by virtue of his promise of marriage she had sexual intercourse with him a number of times, and as the result of it a child was born unto her.

Members of her family testified that the defendant had been waiting on her during the time stated in her

testimony. Other witnesses testified that the defendant told them that he and the prosecuting witness were going to get married. Still another witness testified that, after the defendant was arrested, he stated to him that if he had known that the prosecuting witness was pregnant he could have gotten away before he was arrested. This evidence was sufficient to corroborate the testimony of the prosecuting witness in both the respects required by the statute.

The action of the court in instructing the jury is also assigned as error calling for a reversal of the judgment. We have examined the instructions, and find that they fully and fairly cover the respective theories of the State and of the defendant. Moreover, this is the second appeal in the case, and these same instructions were approved on the former appeal. *Babers* v. *State,* 164 Ark. 381.

The next assignment of error is that the court erred in refusing instructions Nos. 7 and 8 requested by the defendant. We do not deem it necessary to set out these instructions. Both of them single out certain evidence and in effect instruct the jury as to the weight to be given to it. Under our Constitution it is for the jury and not the court to decide upon the weight to be given to the evidence. *Bullard* v. *State,* 159 Ark. 435; and *Fields* v. *State,* 154 Ark. 188.

Another assignment of error is that the court erred in allowing a witness to testify that the defendant had told him that he was going to marry the prosecuting witness.

As we have already seen, under our statute the prosecuting witness must be corroborated both as to the promise of marriage and the fact of the sexual intercourse. The admission of the defendant to the witness that he was going to marry the defendant was in the nature of an admission that he had promised to marry her, and was competent testimony to corroborate the prosecuting witness on this point.

No brief has been filed for the defendant, but under our rules we have considered the other assignments of error set out in his motion for a new trial. We do not find any prejudicial error in the record, and the judgment will therefore be affirmed.