## TOM BOWERS v. STATE.

No. A-8684. June 19, 1934.
Rehearing Denied July 12, 1934.
(34 Pac. [2d] 292.)

John L. Ward and Wayne C. Evans, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and J. H. Lawson, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of the crime of manslaughter in the first degree in the killing of O. L. Chancellor, and his punishment fixed by the jury at confinement in the state penitentiary for a term of four years.

The evidence of the state was that the deceased was the owner of 160 acres of oil land not far from the city of Tulsa; that this land was being operated by a company with headquarters in Tulsa, and that defendant was a pumper and in charge of the lease; that, on the morning of the homicide, E. J. Chancellor, a brother of the deceased, was sent on the premises by his brother to burn some dry grass; that this fire escaped and burned a pump jack of the operating company; that defendant accused Chancellor of setting it on fire and attempted to assault him; that Chancellor fled, and defendant followed him with a shovel; that Chancellor suddenly stopped, and defendant fell over him, and that Chancellor by fleeing in the opposite direction escaped; that defendant called his employer and later left the lease, went to his home, and procured the pistol used in the killing, purchased some shells for it, and returned to the lease and continued his work; that, in the evening when deceased returned to his home, Chancellor told him about the damage done by the fire and the difficulty with defendant, and that thereupon deceased proposed that they go down where defendant was and have a talk with him and settle with him; that deceased was willing to pay for any damage which had been

done; that, when defendant saw deceased and his brother approaching, he went to his car and took something out of it and stood waiting; that, when some distance from the car, deceased saluted defendant and made some inquiry as to the damage; that defendant said he was "plenty mad and would burn them down," and began shooting, firing five shots into deceased, one of which proved to be fatal; that thereupon he turned the gun on the brother and shot him, but this wound was not fatal; that, when the body of deceased was searched, a pistol was found in his hip pocket.

Defendant, testifying for himself, claimed that deceased had made threats against him, was trying to run him off the lease, and that deceased approached him at the time of the homicide, cursing him and with a pistol in his hand, and that he shot in self-defense.

It is first contended the court erred in the admission of incompetent, irrelevant, and immaterial evidence over the objection of defendant; the particular contention being that the court erred in permitting the witness Knarr, who was an officer of the United States Weather Bureau at Tulsa, to refresh his memory from the official records in his office and testify without introducing the records themselves in evidence.

The witness testified that these records were either made by himself or kept under his supervision, and refreshed his memory from that record, which he held in his hand, and testified as to the velocity and direction of the wind on the day of the homicide. This character of testimony was undoubtedly admissible.

The case was hotly contested, and the record is voluminous. It would serve no good purpose to set out the evidence complained of, but it is sufficient to say that

there is no fundamental error in the admission of any of the testimony complained of.

It is next contended the trial court committed reversible error in rejecting competent, material, and relevant evidence and testimony offered by defendant; the particular contention under this assignment being that the court erred in refusing to permit defendant to say that, at the time he armed himself with the pistol and went upon the lease, the only intention he had was to protect himself by the use of it.

The trial court had already permitted defendant to testify that deceased had threatened him; that he got his pistol, bought the shells, and thus went on the lease armed, with the intention of defending himself in case he was attacked.

This evidence was admissible, but, since the court had permitted defendant to go into all the details and explain the why of his arming himself and being at the place he was at the time of the difficulty, and the court havng instructed the jury that he had a right to be armed and had a right to be at the place and had a right to shoot to kill if it reasonably appeared to him that his life was in danger, the refusal of the court to permit him to say what other intention he might have had was not such error as would require a reversal of the case.

We have carefully examined all of the other evidence rejected and find no fundamental error in the ruling of the court thereon.

It is next contended the court erred in its instructions to the jury.

It appears from the record that defendant filed the following written exception to the court's instructions:

"Exceptions to Instructions.

"Comes now the defendant and excepts to each and every instruction about to be given to the jury in this case.

"John L. Ward.
"Attorney for Defendant.

"Harry L. S. Halley,
"District Judge."

This court in a number of cases has held that general exceptions to instructions given will not be considered unless the instructions are fundamentally erroneous, and that counsel should point out to the trial court the particular instruction to which they desire to except, in order that he may have an opportunity to correct the error therein, if any. Summers v. State, 7 Okla. Cr. 10, 120 Pac. 1031; Star v. State, 9 Okla. Cr. 210, 131 Pac. 542, 543; Maddox v. State, 12 Okla. Cr. 462, 158 Pac. 883.

In the case at bar, the instructions contain no fundamental error.

Before this court can reverse a conviction upon the ground the trial court erred in the admission or rejection of evidence or in its instructions to the jury, it must first find from an inspection of the entire record that appellant was injured thereby and to determine the question of appellant's guilt or innocence of the offense charged. Fowler v. State, 8 Okla. Cr. 130, 126 Pac. 831; Ostendorf v. State, 8 Okla. Cr. 362, 128 Pac. 143; Bishop v. State, 9 Okla. Cr. 175, 130 Pac. 1173.

In cases of this character, where hotly contested, it is impossible to prevent minor errors from creeping in. The evidence of the state being sufficient to support a verdict of murder, and the jury only finding defendant guilty of manslaughter in the first degree and fixing his punish-

ment at the minimum of four years, it is evident that none of the errors complained of were prejudicial to him.

The cause is therefore affirmed.

EDWARDS, P. J., concurs. DAVENPORT, J., absent, not participating.