Defendant, Herman Washington, was charged in the county court of Bryan county with the crime of unlawful possession of intoxicating liquor, to wit: two pints of Schenley's Red Label whisky, two pints of Town Tavern rye whisky, one pint of Old Log Cabin whisky, one pint of Dayton Club whisky, one pint, half full, of *Page 82 
Gilbey's gin, one half-pint of Dayton Club whisky, and one pint of Old Schenley's B Bond whisky; was tried, convicted and sentenced to pay a fine of $50 and serve 30 days in the county jail, and has appealed.
For reversal of this case it is first contended:
"That the affidavit and search warrant on which this proceeding was instituted are void on their face, for the reason that neither the search warrant nor the affidavit show that H. D. Sparger was a justice of peace in any precinct in Bryan county, but that he was a general justice of peace for the whole of Bryan county."
It is contended that the case of Harrington v. State,66 Okla. Cr. 310, 91 P.2d 787, supports this contention. A careful reading of that case does not justify this conclusion. In that case, on the motion to suppress the evidence the defendant offered to prove that the officer making the affidavit did not go before the justice of the peace in his own district to sign and swear to the affidavit. This evidence was rejected by the trial court, and on appeal it was held that the court erred in not permitting the introduction of this evidence. Where the record is silent as to the place where the justice of the peace acted, it will be presumed that he acted within his district, subject, however, to the right of the defendant to rebut this presumption by proof that such action was taken by said justice of the peace outside of his district. Farrow v. State,71 Okla. Cr. 397, 112 P.2d 186.
In the instant case no evidence was offered on the hearing of the motion to suppress as to the invalidity of the search warrant by reason of the above facts. The defendant did not raise this question on the motion to suppress the evidence nor in his motion for new trial. It is first presented in his petition in error and on appeal. It has often been held by this court that this cannot be *Page 83 
done. Ledgerwood v. State, 6 Okla. Cr. 105, 116 P. 202; Crump v. State, 7 Okla. Cr. 535, 124 P. 632; Cardwell v. State,20 Okla. Cr. 177, 201 P. 817; Signs v. State, 35 Okla. Cr. 340,250 P. 938; Duncan v. State, 40 Okla. Cr. 347, 268 P. 998.
It is next urged that:
"An affidavit for search warrant which is made on information and belief is not sufficient to authorize the issuance of a search warrant."
This issue was not presented or urged before the trial court when the motion to suppress the search warrant was presented, nor on the motion for new trial, and is not assigned as error in the petition in error filed herein, but it will be noted from a reading of the affidavit for the search warrant, which was offered in evidence at the hearing on the motion to suppress, it is provided:
"That said residence and premises are a place of public resort and used as a place of storage for intoxicating liquors * * * stored and possessed for sale, bartering, giving away or otherwise furnishing in violation of the prohibition laws of the State of Oklahoma."
It will thus be noted that this affidavit contains the positive statement "That said residence and premises are a place of public resort and used as a place of storage for intoxicating liquors." This allegation contains two of the essential elements of the statute necessary for the obtaining of a search warrant to search a private residence. Okla. Stats. 1931, section 2639, O.S.A. Title 37, § 88. See, also, Watson v. State, 73 Okla. Cr. 58, 117 P.2d 808.
It is next contended:
"That the description of the property sought to be searched, set fourth in the affidavit and search warrant, was at complete variance with the testimony of the officers *Page 84 
serving the same and for this reason said motion should have been sustained."
This contention is based upon the fact that the affidavit upon which the search warrant was based stated that the property described was located approximately "one mile south of the town of Colbert, Oklahoma." When the motion to suppress the evidence was presented the defendant offered evidence to show that his property was located 300 yards south of the city limits of Colbert, "approximately one-half mile" south of the bank and "on the west side of the road" on Highway 75. This witness also testified that he knew Herman Washington, and that his house was a two-story house, painted white with a red front, and had a filling station in connection with it. This description was the same as stated in the affidavit, with the exception of the distance. The evidence also revealed that the place could easily be identified from the description in the search warrant and no further information was necessary to locate the premises; that there was no other place in close proximity with a similar description. Under this statement of facts, we are of the opinion that the court did not err in overruling the motion to suppress the evidence because of the description in the affidavit. Watson v. State, supra.
The evidence in this case revealed that the liquor in question was found in the refrigerator of defendant which was located in his place of business on the first floor, and not in his residence, which was on the second floor.
For the reasons above stated, the judgment and sentence of the county court of Bryan county is affirmed.
JONES and DOYLE, JJ., concur. *Page 85