BURGESS *v.* STATE.

4315                                                    174 S. W. 2d 239

Opinion delivered October 4, 1943.

158

*Maurice L. Reinberger,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

SMITH, J. This appeal is from a judgment of the circuit court of Jefferson county sentencing appellant to a term of one year in the penitentiary for knowingly receiving stolen property. For the reversal of this judgment two errors are assigned: (1) that a continuance should have been granted, and (2) that certain instructions requested by appellant, which were refused, should have been given.

The continuance was asked to procure the attendance of certain witnesses residing in White county who, if present, would have testified that appellant bore a good

reputation in White county, the county in which he resided, for honesty and morality.

In the brief of the State, cases and texts were cited which state the general rule, even in criminal cases, to be that it is not error to deny a continuance where the evidence of the absent witness is desired only for the purpose of proving the defendant's good reputation. We find it unnecessary to decide whether this is the proper practice to be followed in all cases, or in any case, for the reason that appellant did not show the diligence which the law requires in securing the attendance of the absent witnesses.

The motion for continuance alleged that a subpoena for these witnesses was issued March 1, 1943, requiring the attendance of the witnesses at the trial set for March 3rd. Appellant had the following conversation with the White county deputy sheriff who had the subpoena for service. "He (the deputy) asked me had I seen these men (the witnesses) and I told him 'Yes,' and he said could they go, and I said 'No,' they couldn't go, only one, Mr. John W. Newton, was the only one that could go. He (the deputy sheriff) said then if they can't go then one wouldn't do any good over there and there was no use to serve it (the subpoena)." The officer further said: ". . . If it (the trial) was in this county, why, they would have to go, but being way out in another county he didn't see why they could be compelled to go." Relying upon this opinion of the deputy sheriff appellant made no further effort to secure service of the subpoena. Appellant had no right to rely upon this opinion of the officer who had no authority to advise appellant as to the law; he should rather have consulted the attorney employed to represent him.

The instructions which were refused read as follows:

"You are instructed that if you believe from the testimony in this case that the defendant bought the tires as alleged in the information and bought them from a garage keeper who had in his possession numbers of cars and that they were delivered to him in daylight, and that the defendant paid a reasonable price for same, that no

effort was made to mutilate said tires, then it is your duty to acquit the defendant unless you believe that at the time he purchased said tires there were sufficient circumstances and knowledge on his part for him to have known that they were stolen.

"You are instructed that in determining whether or not the defendant is guilty or innocent you can take into consideration the party from whom the tires were purchased, the business in which he was engaged, the amount paid for said tires and the time at which they were delivered to him."

No error was committed in refusing to give these instructions. They are argumentative in form and constitute a charge upon the effect of testimony and the weight to be given it. Section 23 of art. VII of the Constitution provides that "Judges shall not charge juries with regard to matters of fact, but shall declare the law. . . ."

It was, of course, entirely proper for appellant's counsel to argue to the jury that the circumstances recited in the instructions were inconsistent with guilt, and this he, no doubt, did.

The testimony on the part of the State as to the time when, the place where and the circumstances under which the stolen property came into and was found in the possession of appellant were inconsistent with appellant's plea of innocence: in fact was sufficient to support the finding that appellant received the property knowing that it had been stolen, and with the intent to deprive the true owner thereof by converting it to his own use, but it would have been improper for the court to have so charged the jury.

The inference to be deduced from the testimony and the conclusions to be reached therefrom were exclusively for the jury, and this is true both as to testimony tending to show guilt and that tending to prove innocence.

In the case of *Babers* v. *State,* 168 Ark. 1055, 272 S. W. 659, it was held (to quote a headnote) that, "Requested instructions singling out certain evidence and instructing as to the weight to be given to it held properly

refused; the weight of the evidence being a jury question."

The law of the case was fully and fairly declared. In one instruction, after quoting the applicable statute, which appellant was charged with having violated, the jury was instructed that: "The statute does not provide that one is guilty of a violation thereof simply for receiving or buying stolen property. The law places the burden on the State to prove beyond a reasonable doubt in addition thereto that said defendant received said property knowing it, at the time of the receipt, to have been stolen, and having at the time of such receipt the intent to deprive the true owner thereof by converting said property to his own use; and unless you so find, beyond a reasonable doubt, it is your duty to acquit the defendant."

It was not error, therefore, to refuse the instructions set out above.

The testimony is sufficient to meet the requirements of the law as declared by the court, and the judgment must be affirmed. It is so ordered.