## HENRY COCHRAN v. STATE.
No. A-10222. Jan. 5, 1944.
(144 P. 2d 751.)

Hatcher & Bond, of Chickasha, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Henry Cochran, was charged by information filed in the county court of Grady county with the crime of pointing a pistol at one Fred O. Smith, was tried, convicted and sentenced to serve one year in the county jail and pay a fine of $50, and has appealed.

The complainant and defendant were farmers who lived on adjoining farms near Tuttle. A few months prior to the altercation herein involved, a controversy had occurred between them concerning some cattle of the defendant's which were in the wheat field eating the wheat of the complainant Smith. On July 12, 1941, the defendant went to the wheat field where Mr. Smith, his two sons and two other men were engaged in harvesting the wheat. Two combines were being operated with the elder Smith on óne machine and one of his sons on the other. The testimony showed that the defendant came up to the witness I. T. Penden and asked which machine Mr. Smith was on and Penden told him the back one. There were two trucks in the field used in hauling the grain. The witnesses testified that they saw defendant run up to the green truck, open the door, look in and then slam the door. That he then went to the blue truck, opened the door and slammed it. That he came by the first combine and was saying something but the witnesses could not hear what he was saying. He had a gun in his hand. He then went up to the combine where Fred O. Smith was working and pointed an automatic pistol at Smith and demanded that he get off the machine. That the elder Smith grabbed a wrench and one of his sons a hammer and told defendant to drop

his gun and defendant shook his head. That the other parties present started toward the defendant and defendant backed off and turned and ran across the wheat field toward his home.

This was a misdemeanor case and the defendant, a layman, insisted on conducting his own defense without the services of a lawyer. His cross-examination of the state's witnesses was very well conducted for a layman, but as is usual in a case where the defendant insists upon being his own lawyer and not being familiar with the rules of criminal procedure, no exceptions were preserved to any of the alleged errors occurring during the trial and no requested instructions were presented on behalf of the accused. An examination of the record discloses that the state was very careful in its examination of the witnesses to keep within the legal bounds of evidence. There was a tendency on the part of the defendant to want to argue with the witnesses. After the jury returned its verdict the defendant then employed counsel who filed a motion for a new trial and perfected his appeal.

In his own behalf the defendant testified that he had gone to the Smith place looking for a couple of turkeys. That he tried to stop the Smith boy on the first combine to see whether he knew where the turkeys might be located but that the elder Smith kept motioning the son to go on. That he then told the elder Smith, "If you will get off of there I will whip hell out of you." That the elder Smith picked up a big wrench that he had laying on the machine and the defendant then pulled a wrench from his pocket. That the son of complainant and another man grabbed wrenches and started toward defendant and the defendant then turned and left. That defendant did not have a pistol in his hand that day nor even have a gun of any kind

in his possession at the time testified to by the state's witnesses.

Counsel for defendant insist in their brief that the court erred in failing to fully instruct the jury as to the law in the case, and further that the judgment and sentence of the court is excessive and should be reduced.

This prosecution is instituted under 21 O. S. 1941 § 1279, which provides:

"It shall be unlawful for any person to point any pistol or any other deadly weapon whether loaded or not, at any other person or persons either in anger or otherwise."

21 O. S. 1941 § 1280, provides:

"Any person violating the provisions of the three preceding sections, shall, on conviction, be punished by a fine of not less than $50, nor more than five hundred and shall be imprisoned in the county jail for not less than three nor more than 12 months."

We have carefully examined the instructions which were given by the court. They were the usual stock instructions which are given in every criminal case. The charge against defendant was defined in the language of the statute. No exceptions were taken to any of the instructions which were given. Although the instruction complained of defines the offense in the language of the statute, counsel for defendant insists that it did not go far enough because, under the evidence, the defendant was entitled to an instruction upon his right of self-defense.

Our statutes require a trial judge to instruct the jury as to all matters of law which he thinks are necessary for their information in giving their verdict. If counsel for the defendant are of the opinion that additional instructions should be given to the jury, it is their duty to reduce

them to writing, submit them to the trial judge and request that they be given to the jury. If they fail to do this, a conviction will not be reversed unless the court is of the opinion, in the light of the entire record and instructions of the court, that by the failure of the trial court to instruct the jury upon some material question of law, the defendant has been deprived of a substantial right. Lumpkin v. State, 5 Okla. Cr. 488, 489, 115 P. 478; Merriott v. State, 18 Okla. Cr. 247, 194 P. 263.

If upon the trial of a criminal case special instructions are desired by the defendant, he is required by the provisions of our Code of Criminal Procedure to present in writing to the court the instructions desired, and it is not error for the trial court to omit to instruct upon every possible question under the defendant's theory of the case, when he has not requested such instructions. Williams v. State, 12 Okla. Cr. 39, 151 P. 900.

Where the party desires the court to give any particular instruction, or to more definitely or fully state any proposition embraced in the charge, it is the duty of counsel to prepare and present to the court such desired instruction and request that it be given, and in the absence of such request, appellate court will not consider an objection that an instruction, correct as far as it goes, does not fully state the law, or that the court failed to instruct upon any given proposition, where the instructions generally cover the subject matter of the inquiry. Huff v. Territory, 15 Okla. 376, 377, 85 P. 241; Merriott v. State, supra; Dickson v. State, 25 Okla. Cr. 403, 224 P. 723, 724.

The defendant is entitled to an affirmative instruction covering the defense interposed, when requested. Where the defense amounts merely to a negation of guilt, and the trial court instructs fully upon the necessity to

prove guilt beyond a reasonable doubt as against the presumption of innocence, instruction will ordinarily be held to be sufficient to cover the issues. Underwood v. State, 23 Okla. Cr. 119, 120, 212 P. 1010.

Under the testimony of the state there was absolutely no element of self-defense in the acts committed by the accused. Under the testimony of the defendant, he admits that he went on the place where the complainant and his sons were working to start a controversy. Before the complainant said a word to the defendant, under the testimony of the accused, defendant stated to the complainant: "I told the old man 'If you will get off of there I will whip hell out of you.' " The defendant denies pulling a gun but says that he pulled a wrench out of his pocket. Under the record of this case we do not see any fundamental error in the instructions which were given or in the failure of the court to more fully cover the evidence disclosed by the record. It is probably true that if the defendant had employed counsel to represent him, his counsel would have requested certain instructions in writing and probably some of them would have been given by the trial court. We shall consider this question in connection with the discussion of the other assignment of error.

We are inclined to agree with counsel for defendant that the punishment assessed is excessive. There have been many convictions under the statute herein involved which have been appealed to this court. A review of those convictions discloses that the punishment assessed in almost all of the cases was the minimum punishment of ninety days in the county jail and a $50 fine. Although the evidence of defendant's guilt is conclusive, there are some mitigating circumstances, including the fact that the parties were neighborhood farmers who had had some previous trouble, and the further fact that the attitude of the

defendant in the trial of the case in conducting his own defense probably prejudiced his case in the eyes of the jury. A person can hardly read this record without concluding that the defendant, by some of the side remarks which he made during the trial, created an unfavorable impression upon the jurors. After a thorough consideration of all the various factors entering into the judgment of conviction, it is our conclusion that the ends of justice require that we modify the judgment imposed from one year in the county jail and a $50 fine to six months in the county jail and a $50 fine.

It is therefore ordered that the judgment and sentence of the county court of Grady county be modified by reducing the punishment imposed from one year in the county jail and a $50 fine to six months in the county jail and a $50 fine, and the judgment and sentence as thus modified is affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.