# J. H. HILL v. STATE.

No. A-10277.    May 10, 1944.

(148 P. 2d 992.)

Robert O. Swimmer, Wheeler & Mounger, and Glen O. Morris, all of Oklahoma City, for plaintiff in error.

Randell S. Cobb, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and John Eberle, Asst. Co. Atty., of Oklahoma City, for defendant in error.

BAREFOOT, J.    Defendant, J. H. Hill, was charged in the district court of Oklahoma county with the crime of receiving stolen property, towit: six rolls of cyclone wire

fence; was tried, convicted and sentenced to pay a fine of $100, and to serve six months in the county jail, and has appealed.

Two propositions are presented for a reversal of this case. They are:

"First: The defendant was not accorded a fair and impartial trial as guaranteed under the Constitution and laws of the state of Oklahoma.

"Second: The defendant was not accorded a fair and impartial trial by reason of statements made by the presiding judge from the bench which were calculated to prejudice the jury against the defendant."

These propositions may be considered together.

The first proposition is presented because of "the flagrant impropriety of the examination of the defendant and witnesses of defendant; and by reason of the introduction of evidence by the county attorney calculated to prejudice the jury against the defendant; and by reason of the incompetent, irrelevant, and immaterial evidence introduced over the objection of the counsel for the defendant."

We have carefully read the record and do not think it necessary to extensively discuss the evidence offered by the state. It reveals that defendant purchased the wire fencing above described, and that it had been stolen from the Crosby Oil Company. The defendant claimed that he purchased it from Carl Newberry. It is unnecessary to unduly lengthen this opinion by a review of the evidence. It was amply sufficient to convict the defendant of receiving stolen property, under the law. The jury heard this evidence. The case was fairly presented to the jury by the instructions. The defendant's theory was presented, and the jury found against that contention, and rendered a verdict of guilty. We do not find that the court

permitted any incompetent evidence to be introduced, nor do we find that anything was done in the trial of this case that was to the material prejudice of this defendant sufficient to cause a reversal of the case.

The statement of the trial court referred to in the second proposition was made in passing upon a motion to permit the jury to view the premises of the Crosby Oil Company from where the wire was stolen, and the premises of the defendant where the wire had been used by him in building a fence. The motion was made after the evidence had been submitted, and the statement of the court was: "Let the record show that it is denied for several reasons which will be apparent to the appellate court."

The question of permitting the jury to make this examination was primarily one within the discretion of the court from a knowledge of the evidence introduced, and all the facts and circumstances surrounding the case. From our examination of the record, we are convinced that no material information necessary for the consideration of the facts in this case by the jury would have been added by the granting of the motion; and there was certainly no abuse of discretion in overruling the same. We do not think the remark of the court above quoted did in any way prejudice the rights of the defendant before the jury, and certainly did not "convict the defendant from the bench," as contended.

The defendant in this case had a fair and impartial trial. The sentence imposed was not severe under the law; and, finding no error, the judgment of the district court of Oklahoma county is affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.