# TRIPP v. STATE.

No A-11305. May 29, 1951.

On Rehearing July 3, 1951.

(237 P. 2d 171.)

Bob Perdue, Wilburton, Counts & Counts, McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The plaintiff in error T. P. Tripp, justice of the peace, defendant below, was charged by information in the district court of Latimer county, Oklahoma, with the crime of embezzlement. He was tried, convicted by a jury, his punishment fixed at 1 year in the penitentiary, and judgment and sentence entered accordingly. From the said judgment and sentence, this appeal has been perfected.

The information in substance alleges that the defendant Tripp, justice of the peace of Wilburton, Latimer county, was entrusted, as such, with the sum of $35 received from Joe Francis, on purported estray proceedings of a certain cow. The information alleges further that a better description of the matter could not be made because there was no case filed in the justice of the peace civil docket in relation to said proceeding. The information also alleged that the said money was paid to the said justice of the peace, T. P. Tripp, by check, and that all of said sum was money in excess of the costs incident to said proceeding, and belonged to Latimer county. It further alleges that under the provisions of Title 39, § 16, O. S. A. 1941, under his trust relation, it was his duty to deposit said money with the treasurer of Latimer county, all of which he failed so to do. It further alleges that he did, on or about August 13, 1946, unlawfully, fraudulently, and feloniously convert and appropriate said sum of $35 to his own use and purpose and not in the lawful execution of his said trust. The foregoing proceeding was referred to as "purported" for the reason that prior to 1943 justices of the peace, under the provisions of Title 4, §§ 51-54, O. S. 1941, were authorized to conduct sales of estrays, but such provision was repealed in the laws of 1943, p. 16, § 5, and such authority vested in the sheriffs, Laws 1943, p. 15, § 1, p. 16, §§ 2, 3, 4. Title 4. §§ 81.1 to 81.4 inclusive, O. S. 1941.

The fact the defendant was not authorized by law to conduct the estray proceedings is of no consequence herein, for he assumed to so act as trustee and agent for Latimer county and that is enough to create a trust relation and render the defendant liable for such money thus obtained. Waldock v. State, 42 Okla. Cr. 331, 276 P. 509. It is pertinent to state that the statutes of the state required a justice of the peace to make a quarterly report of all the matters in which the county or state was an interested party. Title 39, § 13, O. S. A. 1941. Moreover, under the provisions of Title 39, § 15, O. S. A. 1941, a justice of the peace was required at the same time to pay into the county treasury all moneys collected by him on behalf of the county or state, except sums of $200 should be paid into the county treasury forthwith. Furthermore, under the provisions of Title 39, § 16, O. S. A. 1941, it was provided among other things that "any justice of the peace * * * who shall wilfully neglect or refuse to pay over any moneys into the county treasury, as provided * * *, for a period of thirty days from the time provided in this act, shall be guilty of embezzlement."

The defendant urges but two propositions, first, insufficiency of the evidence and, second, error in the instructions. In relation to the evidence the record herein disclosed by the testimony, that as a justice of the peace in Wilburton he directed the sale of the stray cow, and received by check from Joe Francis the sum of $35, above costs of the proceeding and legitimate deductions. He admitted he got the money on said check. The state contends that said sum was never at any time paid over to the county treasurer, and under the foregoing statute, Title 39, § 16, O. S. A. 1941, the defendant was guilty of embezzlement. Moreover, the record discloses there was no record in the county treasurer's office showing a receipt of payment of said $35. Furthermore, the state's case discloses that there was no record in the civil docket in Mr. Tripp's office of the proceeding as herein involved. In fact, the records of the county treasurer for the months of July, August and September, 1946, showed no receipts from any justice of the peace. At no time subsequent to the proceeding as late as January, 1947, does any such deposit as the $35 sum herein involved appear to have been made in the county treasurer's office. In substance, this was the state's case.

On the other hand, the defendant admits the fact of the sale and the receipt of the money, but contends he paid the same to Mr. R. A. Welch, the county treasurer, who died shortly thereafter. He, however, was not able to produce the canceled check showing payment. He did, however, produce a pencil written check stub in the sum of $35 to R. A. Welch for estray. The said stub (Defendant's Exhibit 1) bears no date as to year, as disclosed from the exhibit in the record. This may have been a reportorial omission. In this connection the defendant, Tripp, testified that it bore the date "9/9, that would be September, I presume 1946". The record shows there were no other stubs made out preceding or following this one. The evidence discloses that counsel asked "This is the stub of the check you paid Mr. Welch for the sale of the Joe Francis cow?" The defendant replied, "Yes, after this question was called to my attention". This answer apparently nettled counsel for the defense who admonished the defendant "Just answer my question". The record further shows in this regard that he was asked "This sale was had on August 31, 1946". Then he was asked relative to the sale, to "tell the jury when you next heard of the Joe Francis cow sale". The answer was "Oh, five or six weeks before I was arrested and charged with embezzlement". The record shows the latter things occurred on September 10, 1948. Hence, the defendant said he never heard of it until 5 or 6 weeks before said last date. The defendant testified he could not produce his canceled check because his office had been ransacked and his papers destroyed or lost by reason thereof. He did not offer to prove the payment of said money by producing his bank statements. The defendant's

awkward position under the foregoing situation is evident. He contended he had paid the $35 into the treasury, and offered to write another check and let the county attorney hold it until the fact of payment or nonpayment into the treasury of the county could be established. But these conditions of payment were not such as were provided in the foregoing. statute, Title 39, § 16, O. S. A. 1941. The fact is the money has never been paid into the county treasury. Thereafter the state in rebuttal showed that no such check as represented by the stub was cleared through the bank. These facts presented a question of fact for the jury and they decided the issue against the defendant. The evidence is sufficient to sustain their conclusion. Where the evidence is conflicting and different inferences may be drawn therefrom, it is the province of the jury to weigh the same and determine the facts. Chapman v. State, 84 Okla. Cr. 41, 178 P. 2d 638; Sadler v. State, 84 Okla. Cr. 97, 179 P. 2d 479. Before we would be justified in interfering with the jury's verdict for lack of evidence, there must be no competent evidence in the record upon which the verdict could be based. Ritter v. State, 84 Okla. Cr. 418, 183 P. 2d 257. Here the competent evidence is sufficient upon which the jury's verdict could be based.

The situation herein is not an easy one. An elderly man with a past good reputation is convicted of a felony. Much stress is laid on his offer to pay the money, if it was discovered that he had not paid it, as he contended he had done. By implication it is thus contended a demand for payment was necessary. But such is not the case, for the law makes the demand. Such belated intention constitutes no defense to the failure to perform his duty as provided by statute. In Griswold v. State, 23 Okla. Cr. 136, 212 P. 1018, 1020, it was pointed out that if demand for payment was made necessary that would constitute " 'a direct encouragement of laxity of duty * * * a public officer, could retain money that came into his possession for an indefinite time; then if an investigation would disclose that such money had been retained, all that the accused would have to do would be to pay it over on demand' ". 9 R. C. L. 76. Hence the expressed offer to pay after the defalcation occurred more than 30 days after time for making the payment as provided by Title 39, § 16, O. S. A. 1941, is of no avail. Certainly almost 2 years delay in such an offer does not constitute much evidence of good faith.

Finally, the defendant complains of the instructions. No exception to any of the instructions was saved, and no additional instructions requested. Under such conditions, unless the error is fundamental the assignments of error as to instructions will not be considered on appeal. Fields v. State, 85 Okla. Cr. 439, 188 P. 2d 231; Green v. State, 70 Okla. Cr. 228, 105 P. 2d 795. No assignment as to the erroneous character of the instruction appears in either the motion for new trial or in the petition in error. In Washington v. State, 73 Okla. Cr. 81, 118 P. 2d 267, this court held that only those assignments of error preserved in a motion for new trial will be considered on appeal, unless such error is of a fundamental character. No fundamental error is shown herein. Notwithstanding, we have reviewed the instructions. The information charged a failure of duty under Title 39, § 16, O. S. 1941. Instruction No. 6 expressly covers the charge as laid in the information. Hence the defendant's contention that he was charged under one statute and tried under another is without merit. The instruction No. 6 did not follow the language of the statute, but it was not confusing or misleading to the jury, and was sufficient to present the issue laid in the information. Highfill v. State, 73 Okla. Cr. 93, 118 P. 2d 263. Instruction No. 5 was lifted bodily from the general statute on embezzlement by public corporate officers. Title 21, § 1452, O. S. 1941, deals with the same subject matter as the special statute under which the case was brought and prosecuted, Title 39, § 16, and on which instruction No. 5 was predicated. In

Harris v. State, 17 Okla. Cr. 69, 175 P. 627, 630, wherein the prosecution of the Register of Deeds was instituted under Statutes 3213, 3214, R. L. 1910, 28 O. S. 1941 §§ 3, 37, requiring the said officer to make monthly and quarterly reports to the county commissioners and to account for and pay over certain moneys, it was held upon failure so to do he shall be guilty of embezzlement. Therein this court said that said statutes are to be considered with sections 2670 and 2671, R. L. 1910 (the same as Title 21, §§ 1451, 1452, O. S. 1941). Said statutes respectively provide as follows, to wit:

" 'Embezzlement is the fraudulent appropriation of property by a person to whom it has been entrusted.'

"If any person, being an officer, director, trustee, clerk, servant or agent of any association, society or corporation, public or private, fraudulently appropriates to any use or purpose not in the due and lawful execution of his trust, any property which he has in his possession or under his control by virtue of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purposes, he is guilty of embezzlement."

The said statutes constituted instructions Nos. 4 and 5 herein. Such being the case the giving of instruction No. 5 could not constitute error. Furthermore, if the defendant had objections to instruction No. 5 he should have requested a specific exception thereto. But he made no objection of any kind to any of the instructions. It has been repeatedly held that where counsel objects to an instruction he must direct the court's attention thereto that the court may be given an opportunity to correct any error it may contain, and if this is not done the error in instructions will be waived, unless the instructions are fundamentally erroneous. Bowers v. State, 56 Okla. Cr. 111, 34 P. 2d 292. Moreover, if counsel for defendant was of the opinion that additional instructions should be given the jury, it was their duty to reduce them to writing, submit them to the trial judge, and request they be given to the jury. If they fail to do this, a conviction will not be reversed unless the court is of the opinion, in light of the entire record and instructions of the court, that by failure to instruct the jury upon some material question of law the defendant has been deprived of a substantial right. Adams v. State, 62 Okla. Cr. 167, 70 P. 2d 821. The only issue herein involved was, Did the defendant account for and pay the money to the county treasury as required by statute? His defense was that he had accounted and paid the $35 to the county treasury. As hereinbefore indicated, the evidence was sufficient to go to the jury on this issue. There was no evidence that the defendant claimed the money as his own, as contended in his brief. The issue was single, Was he guilty of embezzlement as charged in the information? The instructions presented this issue squarely to the jury and the instructions were sufficient to inform the jury of the law of embezzlement. They were not confusing or misleading. In light of this situation, the instructions as a whole were not prejudicial to any of the defendant's substantial rights. Therefore, it becomes our painful duty to sustain the conviction. The judgment and sentence is accordingly affirmed.

JONES and POWELL, JJ., concur.

### On Rehearing.

BRETT, P. J. On the petition for rehearing we have carefully considered the defendant's contention. In light of the record we are of the opinion that the petition for rehearing is without merit. The defendant made no objection to the court's instructions, and made no request for additional instructions. On this point in addition to the authorities heretofore cited and referred to, see Carpenter v. State, 56 Okla. Cr. 76, 82, 33 P. 2d 637, 639, wherein this court said:

"If, when the court instructed the jury, the defendant desired an additional instruction upon his theory of the case it was his duty to have prepared the same and requested the court to give it." Chapman v. State, 84 Okla. Cr. 41, 178 P. 2d 638.

Under these conditions the defendant's complaint is of no avail. While we are not inclined to impair the deterrent effect of the statutes against embezzlement by public officials, we are of the opinion that the penalty herein imposed is too severe. Particularly is such the case in view of the defendant's advanced years, and his past good record. Therefore, under the authority of Title 22, § 1066, O. S. A. 1941, the judgment and sentence herein imposed is accordingly modified to a term of 6 months in the penitentiary, and as so modified is affirmed.

JONES and POWELL, JJ., concur.