Jay G. SAMPLES, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12639.

Criminal Court of Appeals of Oklahoma.

Jan. 14, 1959.

On Rehearing April 1, 1959.

Bulla, Melone & Meister, Oklahoma City, J. A. Rinehart, ElReno, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

The plaintiff in error, defendant, was charged by information in the district court of Canadian county with the crime of receiving stolen property; was tried before a jury, convicted, but the jury being unable to agree upon the punishment to be assessed, left that to the court, who fixed the penalty at confinement in the State penitentiary for a period of two years.

The pertinent portion of the information reads:

"That is to say, the said defendant, then and there being, did then and there willfully, unlawfully, feloniously and wrongfully buy and receive from one Robert V VanBuskirk for a consideration of $80.00 approximately twenty-three cases of motor oil of the reasonable value of $150.00 of good and lawful money of the United States of America, that had at the time been stolen from another person, other than defendant, the defendant knowing at the time that said motor oil had been stolen and was stolen property, all in violation of section 1713, Title 21, Oklahoma Statutes, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State."

For reversal five specifications of error are advanced, which will be treated in the order presented.

■ The first proposition is based upon paragraph 4 of defendant's motion for new trial, and paragraph 5 of petition in error, and for the sake of brevity will be stated as found in the motion for new trial, as follows:

"The conduct of the county attorney in persistently asking the State's witnesses on direct and re-direct examination leading and suggestive questions which tended and did emphasize the testimony of such witness in the mind of the jury."

To support the allegations in the information the State used the confessed thief, Thomas Edward Morse, Jr., who, while working around the warehouse of William Schulte in ElReno (who was a Phillips Petroleum Company wholesale dealer in oil and gas) as laborer and janitor, had a duplicate key made to the warehouse lock, and in that way gained access at night to the stored oil, and with the aid of one Robert V. VanBuskirk, had been selling this canned oil to various persons. VanBuskirk also testified. He had been convicted for his part in the thievery, but at the time of the testimony had not been sentenced. The jury had left his punishment to be fixed by the court. The record shows that VanBuskirk's sentence was suspended.

Various other witnesses testified for the State, including William Schulte, who had lost the oil. He admitted that he had signed the thief's bond after he had been charged, and in fact while the case was pending employed him to cut the grass at his home; and that the contractor who was building an addition to the warehouse that had been robbed, used Morse a half day performing labor.

Counsel for the defendant point out numerous questions asked by the assistant county attorney during the course of his direct examination of State's witnesses, and particularly Thomas Morse, Jr., and Robert VanBuskirk. The record reflects that defense counsel was alert and in most instances before the witness would be able to answer the particular question by the particular witness, objected, on the ground that such question was leading and suggestive, and in almost every instance the court sustained the objection of defense counsel. However, we have been amazed to note that such proper rulings on the part of the trial court did not seem to slow down the assistant county attorney, who persisted throughout the trial on direct examination in asking leading questions.

It is argued by counsel for defendant that the continued asking of leading and suggestive questions by the assistant county attorney in disregard of the court's rulings and admonitions, was without expectation of the answers; that there was persistent indulgence of side remarks to opposing counsel with obvious purpose of prejudicing the jury against the defendant, and that such conduct constitutes reversible error.

In view of the argument, though the sufficiency of the evidence to support the verdict of the jury has not been questioned, we have read and checked very carefully the voluminous record of the testimony and particularly the court's rulings. The court

was very careful in his rulings, and, as stated, in most instances, sustained counsel for defendant and properly cautioned the jury to not consider answers that were made before the court could rule. In a close case the cumulative conduct of the assistant county attorney complained of here in the interest of fairness might force a new trial.

Here, however, the defendant testified in his own behalf, and substantially corroborated the testimony of the State's witness VanBuskirk relative to his dealings with him concerning the time, place and price paid for the alleged twenty-three cases of motor oil, set out in the information. In fact, he admitted later purchases. And Thomas Edward Morse, Jr., just prior to being caught by witness Schulte in his warehouse in the night time loading out cases of motor oil, had suggested to defendant that he would leave out his salesman, Robert VanBuskirk, and sell him the oil at $3.00 per case. Both VanBuskirk and Morse admitted that they told the defendant that the oil was not "hot" but was legitimate, and denied telling the defendant that the oil came in on a load of whiskey or was purchased as damaged oil from an insurance company, which was the theory of defendant when he testified. Both VanBuskirk and Morse made delivery of the stolen oil to defendant in Morse's automobile.

The jury apparently did not judge the defendant so naive that he actually put full credence in the representations of the day laborer and his close friend suddenly turned oil dealers, and believed, it would seem from the evidence, that defendant had good reason to believe the oil to be stolen. There is ample basis in the evidence for such conclusion, independent of the testimony of VanBuskirk, from whom he purchased the oil, corroborated by other witnesses, and in fact not denied by the defendant, except that he had no reason to believe the oil was stolen.

■ In view of the evidence, we must apply the principle long adhered to by this court that a conviction will not be reversed for alleged misconduct of the prosecuting attorney, unless this court can say that the prosecuting attorney was not only guilty of misconduct, but that such misconduct might, in some degree, have influenced the verdict against the defendant. Davis v. State, 7 Okl.Cr. 322, 123 P. 560; Campbell v. State, 23 Okl.Cr. 250, 214 P. 738.

■ Defendant next argues:

"Under the evidence in the case, the court erred in not giving a cautionary instructon to the jury concerning the testimony of an accomplice (22 O.S.A. § 742) and if in doubt that witness was an accomplice, court should have submitted the question of whether he was an accomplice to the jury for its determination."

It is urged that State's witness VanBuskirk was an accomplice of defendant Samples in the receiving of the stolen property, and therefore it was the duty of the court, without a request, to give an instruction concerning the testimony of an accomplice.

We have failed to find from a careful reading of the evidence where there was a pre-arranged plan between the defendant Samples and the thief Morse, or between the defendant Samples and the witness VanBuskirk, whereby Morse was to steal the motor oil in question and VanBuskirk and Samples were to sell and dispose of the stolen property. The evidence was lacking in proof of a previous agreement or conspiracy among the parties which in any way connected Samples with the theft of the property or that would make him an accomplice of either VanBuskirk or Morse. The evidence discloses that Morse stole the oil in question and left it in the driveway at Robert VanBuskirk's home and was paid a consideration by VanBuskirk who thereafter for the first time mentioned to the defendant that he had some oil for sale and did re-sell the oil to the defendant.

■■ In the case of Wilkerson v. State, Okl.Cr., 265 P.2d 739, this court reiterated the long recognized rule that a person who steals property is not an accomplice of the one who receives the property, knowing it to be stolen. They are independent crimes.

And where there is no pre-arranged plan for one to steal the property and deliver the same to another, the one who receives it is not an accomplice of the one who commits the theft, and vice versa.

■■ If trial counsel for the defendant had thought the evidence justified the theory now advanced on appeal that VanBuskirk was an accomplice of defendant as distinguished from the confessed thief Morse, then he should have requested an instruction to cover the theory. One may waive and does waive the giving of an instruction by failure to request it. See in this connection Walker v. State, 89 Okl.Cr. 19, 204 P.2d 552; Woody v. State, 95 Okl. Cr. 21, 238 P.2d 367; Sigler v. State, 54 Okl. Cr. 353, 21 P.2d 1073. Appellate counsel have filed two forceful briefs, but "The moving finger writes; and, having writ moves on"; and nothing may wash out a word of it.

In the case on the subject chiefly relied on by defendant, Sipes v. State, 36 Okl.Cr. 1, 251 P. 511, the defendant submitted and requested an instruction on the question of an accomplice's testimony, which request was refused, with an exception reserved. The evidence justified such an instruction, that was practically all the evidence in the case, so that the case was reversed and remanded for new trial. That case is by reason of the facts recited distinguishable from the within case.

Defendant's third proposition of error is that "the trial court erred in failing to give an affirmative instruction covering the defendant's theory of the case."

Counsel argue that an examination of the instructions given reveal that the trial court failed to give to the jury any affirmative instructions whatsoever setting forth defendant's theory. And it is said that on trial the sole issue before the jury was the defendant's good faith at the time he purchased the oil, and whether he had reasonable grounds to believe and did believe that the oil so purchased by him was stolen, and that this was the only issue of fact to be submitted to the jury.

This is sound argument. Counsel on appeal did not try the case, and hindsight comes much easier than foresight. No doubt if trial counsel had offered an affirmative instruction along the lines now suggested, or had requested such an instruction, it would have been given. Our present task is to determine whether in the absence of such request, the instructions actually given by the court were sufficient to prevent a reversal of this case. The writer feels that this is the most important issue to be determined.

■ As argued by the Attorney General, there were two essential ingredients in the offense charged, of receiving stolen property, and being: (1) That the property alleged to have been received was in fact stolen; and, (2) that the accused bought or received the stolen property, knowing it to have been stolen. Such was the holding in Sipes v. State, supra.

There was no contention at trial but that the involved property was stolen. The evidence indicating that defendant had good reason to know that the property was stolen was circumstantial, but there were many circumstances, such as the differential in the wholesale price and price paid for the oil, and the fact that it was purchased and delivered by persons not in the oil business, and whose economic past history could but put defendant on notice that he could not safely deal with him without risking disaster.

■ This court has many times held that actual knowledge that property received by accused was stolen is not necessary to constitute the offense of receiving stolen property, knowing it to have been stolen (21 O. S.A. § 1713), but it is sufficient if the circumstances accompanying the transaction were such as to make actual belief that property was stolen. Hill v. State, 78 Okl. Cr. 384, 148 P.2d 992; Cox v. State, 74 Okl. Cr. 186, 124 P.2d 432; Webb v. State, 19 Okl.Cr. 450, 200 P. 719; Lordi v. State, 47 Okl.Cr. 102, 287 P. 1083.

■ The court in its instruction No. 3 defined the crime in the words of the

statute (21 O.S.1951 § 1713), as follows:

"The statutes of this State relating to crimes provide that:

" 'Every person who buys or receives, in any manner, upon any consideration, any personal property of any value whatsoever, that has been stolen from any other, knowing the same to have been stolen, is punishable by imprisonment in the penitentiary not exceeding five years, or in the county jail not exceeding six months, or by a fine not exceeding $250.00, or by both such fine and imprisonment.' "

Also in instruction No. 4, the court advised the jury:

"You are further instructed that in a prosecution for receiving stolen property it is not necessary that the defendant have actual knowledge that the property was stolen, but it is sufficient if the defendant, at the time he received the same, had reason to believe and did believe it to be stolen property.

"In this connection you are instructed that the mere possession of recently stolen property is not sufficient in and of itself to justify the jury in returning a verdict against the defendant in this case, but possession, along with all the other facts and circumstances surrounding the transaction, may be considered in determining the guilt or innocence of the defendant."

And instruction No. 5 covered circumstantial evidence, as follows:

"The state relies for a conviction in this case in part upon what is known as 'circumstantial evidence;' and in this connection you are instructed that to warrant a conviction upon circumstantial evidence each fact necessary to the conclusion sought to be established (that is, the guilt of the defendant) must be proved by legal and competent evidence beyond a reasonable doubt; and all the facts and circumstances proved must not only be consistent with the guilt of the accused, but consistent with each other and in-

consistent with any other reasonable hypothesis or conclusion than that of his guilt and sufficient to produce in your minds a reasonable moral certainty that the accused committed the offense charged against him. You are instructed that when the circumstances are sufficient, under the rule herein given you, they are competent and are to be regarded by the jury as competent evidence for your guidance as direct evidence."

And see instruction 8:

"You are further instructed that if you find and believe from the evidence beyond a reasonable doubt that the defendant did, on or about the 1st day of October, 1957, in Canadian County, State of Oklahoma, willfully, unlawfully, feloniously, and wrongfully, and for a consideration, knowingly receive the personal property described in the Information herein from Robert V. VanBuskirk, he not being the owner thereof, and that said personal property had theretofore been stolen from another person, *and that the defendant knew or had reason to believe that said personal property had been stolen at the time he received the same, then and in that event you will find the defendant guilty and so say by your verdict,* and it will then be your duty to assess the punishment therefor in your verdict within the provisions of law set out herein. However, in the event you find the defendant guilty of the crime charged in the Information beyond a reasonable doubt, but you are unable to agree upon the punishment therefor, you may so say in your verdict and leave the punishment to be assessed by the court.

*"On the other hand, if you fail to find each and every material element of said offense as herein defined to you, or entertain a reasonable doubt thereof, or of the guilt of the defendant, then you will find the defendant not guilty."* (Emphasis not supplied.)

The court also gave instructions on the law relating to the burden of proof, reasonable doubt, and presumption of innocence.

In Underwood v. State, 23 Okl.Cr. 119, 120, 212 P. 1010, this court said:

"The defendant is entitled to an affirmative instruction covering the defense interposed, when requested. Where the defense amounts merely to a negation of guilt, and the trial court instructs fully upon the necessity to prove guilt beyond a reasonable doubt as against the presumption of innocence, instructions will ordinarily be held to be sufficient to cover the issues."

In Cochran v. State, 78 Okl.Cr. 115, 144 P.2d 751, in paragraphs 1 and 2 of the syllabus, this court said:

"Where the party desires the court to give any particular instruction, or to more definitely or fully state any proposition embraced in the charge, it is the duty of counsel to prepare and present to the court such desired instruction and request that it be given, and in the absence of such request, appellate court will not consider; an objection that an instruction, correct as far as it goes, does not fully state the law, or that the court failed to instruct upon any given proposition, where the instructions generally cover the subject matter of the inquiry.

"The defendant is entitled to an affirmative instruction covering the defense interposed, when requested. Where the defense amounts merely to a negation of guilt, and the trial court instructs fully upon the necessity to prove guilt beyond a reasonable doubt; as against the presumption of innocence, instruction will ordinarily be held to be sufficient to cover the issues."

We must hold in the absence of a request for an affirmative instruction now contended defendant was entitled to, that the failure to give such instruction in view of the instructions actually given, was not error.

It is next argued that the trial court erred in giving its instruction No. 5, heretofore quoted in this opinion, by informing the jury therein that the State relied for conviction "in part" upon circumstantial evidence.

Counsel say:

"This instruction consists of the use of the words 'in part', and under the facts of this case destroyed the very purpose of giving an instruction on circumstantial evidence, the inherent nature of which is to submit an issue upon which the evidence is wholly circumstantial."

We have heretofore stated that at the commencement of the trial the burden was upon the State to prove two things, the first of which was that the property alleged to have been received was in fact stolen. Proof of this element was established by by the State by direct evidence, to-wit: by the thief Morse, and by the owner Schulte. The fact that the defendant in defense did not deny this element of the offense and admitted receiving the oil listed in the information cannot alter this proposition. The second element, involved the question whether or not the defendant received the property with guilty knowledge of the fact that it had been stolen, and to prove the latter issue the State necessarily relied upon circumstantial evidence.

Both the State and the defendant cite Jones v. State, 69 Okl.Cr. 244, 101 P.2d 860, 864, a case where the State relied on evidence that was in part direct and in part circumstantial. In that case the defendant contended that the court erred in the wording of the instruction the objectional part being: "You are further instructed that the State relies for a conviction, in part, upon what in law is termed circumstantial evidence, * * *." The defendant had requested an instruction omitting the words "in part". This court said in the body of the opinion:

"The defendant contends that the wording of the instruction is a charge by the trial court on the weight of the evidence and amounts to an order by the court to the jury that the facts and circumstances are such that the guilt of the defendant should be inferred. The instruction is not susceptible of that construction. We cannot see how the jury was confused by this instruction, especially in view of the fact that the court gave the substance of the defendant's requested instruction after telling them the contentions of the State. There is a bare possibility that this instruction standing alone might be confusing to the jury, and we are unwilling to place our stamp of approval on this instruction so that it may be used as a model in the future; but when it is read as a whole and considered in connection with all the other instructions given by the court, we are convinced that the defendant was not prejudiced thereby. It was the duty of the jury, and they were so instructed, to consider the instructions as a whole and no part thereof to the exclusion of any other part."

Instruction No. 5 that we have heretofore quoted is comparable in form with the model instruction set out in paragraph 6 of the syllabus in Jones v. State, supra.

■■■ Above what we have said on the subject, we note that the present assignment of error has not been properly presented in defendant's motion for new trial, because in said motion the objection was that the court erred "in giving its instruction No. 1 to 9, both inclusive."

In Bowers v. State, 56 Okl.Cr. 111, 34 P.2d 292, we said:

"General exceptions to instructions of the court to the jury will not be considered on appeal. When counsel desire to except to any instruction, the attention of the court should be directly called to the instruction objected to in order that the court may be given an opportunity to correct any error it may contain. If this is not done, errors in instructions will be waived, unless they are fundamentally erroneous."

See cases cited; also Tripp v. State, 94 Okl.Cr. 231, 237 P.2d 171.

■■■ Lastly, defendant says that the trial court erred in refusing to give defendant's requested instruction No. 1, as follows:

"In considering the testimony of a witness who the evidence shows has heretofore been convicted of an offense, you may consider such fact of conviction as it may or may not in your judgment affect the weight or credit you will give to the testimony of such witness."

In this connection the record shows that the court gave the jury a general instruction on the weight of the evidence and the credibility of the witnesses, and, further, that Instruction No. 6 was given, as follows:

"Certain evidence has been introduced tending to show that the defendant has heretofore been convicted of other and distinct offenses from that charged in the information. This evidence was not admitted as tending to prove the guilt or innocence of the defendant of the specific offense charged in the information in this case, but should you find from the evidence that such other convictions have been had, you may, in your discretion, consider the same, as such facts may or may not, in your judgment, affect the weight and credit which you will give to the testimony of the defendant, but for no other purpose. A person may not be convicted of the commission of one offense by any proof tending to show that he may or may not have committed another offense."

Instructions similar to the above have been approved in Farley v. State, 93 Okl. Cr. 192, 226 P.2d 1002; Smith v. State, 78 Okl.Cr. 375, 148 P.2d 994; Tillman v.

**766**

State, 82 Okl.Cr. 276, 169 P.2d 223; Spivey v. State, 69 Okl.Cr. 397, 104 P.2d 263.

This particular instruction was given by reason of the fact that during the examination of defendant as a witness in his own behalf, his own counsel brought out on direct examination of defendant that at the age of 17 years, he was convicted in a Federal Court in Alabama for a violation of the Federal prohibition law and received a sentence of nine years and thirty days in the reformatory at ElReno. Three separate cases or counts were involved. He said on cross-examination that he was born June 20, 1917, which would, of course, have made him of the approximate age of 21 years at time of conviction.

It is apparent that the defendant's requested instruction No. 1 was aimed at the testimony of State's witness Robert V. VanBuskirk, who testified on cross-examination as follows:

"Q. [By Mr. Porta]: I will ask you if yesterday [November 5, 1957] in this courtroom the jury did not bring in a verdict of guilty against you on a charge of receiving stolen property—and if, upon the basis of that verdict, you are not to come up before this court for sentencing at some future date? A. Yes, sir."

Aside from the above there was no evidence that any other witness who testified for the State had ever been convicted of crime. So it must be that the defendant's requested Instruction No. 1 was directed solely against the testimony of VanBuskirk. The trial court did not construe the verdict of guilty against VanBuskirk as a final conviction, and properly so. In Gilmore v. State, 3 Okl.Cr. 639, 640, 108 P. 416, 417, Doyle, Judge, speaking for the court said:

"In its ordinary sense the term 'conviction' is used to designate that particular stage of a criminal prosecution, when a plea of guilty is entered in open court, or a verdict of guilty is returned by a jury. But in a strict legal sense it denotes the final judgment of the court. Chief Justice Marshall defines 'conviction', as 'a technical term applicable to judgment in a criminal prosecution'. A conviction within the meaning of the Constitution is an adjudication that the accused is guilty. It imports the final consummation of the prosecution, from the complaint to the judgment of the court by sentence."

See also Martin v. State, 30 Okl.Cr. 49, 234 P. 795.

We have noted that VanBuskirk, the salesman or jobber of Morse, who confessed to stealing the property involved in the within prosecution, received a suspended sentence. What punishment was assessed the thief, if any, we do not know. Here too the jury was unable to agree upon the punishment, and the trial court assessed a penalty of two years. While we do not suggest that the unfair tactics of the assistant county attorney in persisting in asking leading questions throughout the trial adversely influenced the court against the defendant, we do note that the assistant county attorney was not lectured for failing to desist from asking the State's witnesses leading questions, and in the interest of fairness and justice, it is the opinion of this court that the sentence imposed should be, and it is modified from two years to one year in the State Penitentiary, and as so modified, the judgment is affirmed.

BRETT, and NIX, JJ., concur.

On Rehearing

BRETT, Judge.

In the trial hereon, the defendant made request for only one instruction, which was as to the weight and credibility to be given the testimony of a witness as affected by the fact he had been previously convicted of an offense. The court covered this in his instructions. No other requests were made.

On this rehearing it is urged that the trial court erred in not instructing on the question of Van Buskirk being an

accomplice of the defendant, Samples. He relies principally upon Sipes v. State, 36 Okl.Cr. 1, 251 P. 511. It is contended that the trial court should have instructed on the question of accomplice and left the determination thereof to the jury. The Sipes case would have been applicable if the defendant herein had been established by the facts as a co-conspirator or associate, aidor and abettor of Van Buskirk in receiving the oil from Van Buskirk for concealment by prearrangement. Wilkerson v. State, Okl.Cr., 265 P.2d 739. He was not a recipient of the goods in such capacity. No one, so he testified, told him this was stolen oil. The contrary was true in the Sipes case. If the facts had been in dispute as to whether Samples was an accomplice of Van Buskirk in concealing the oil, it would have been proper for the court to have given an instruction on accomplice and submitted the question to the jury. But where, as herein, the facts are not in dispute in that regard, a question of law was presented for the court to determine whether the facts made Samples an accomplice of Van Buskirk. Sipes v. State, supra. Hence, the court could determine he was not an accomplice and there was no need for an instruction thereon. We believe the facts support this conclusion. In fact, Samples' own testimony repudiates the idea of an accomplice. It is therefore clear why no requested instruction thereon was offered. It was, in our opinion, not error for the trial court to not instruct on the question of accomplice.

 On the question of the trial court's failure to instruct on the defendant's theory of his defense, that he acted in good faith in the purchase of the oil from Van Buskirk, we are not unmindful of our holding in Lac Coarce v. State, Okl. Cr., 309 P.2d 1113. We were impressed therein that the defendant was completely stripped of his defense by the omission in the trial court's instructions of the defense of insanity. But, such is not the situation in the case at bar. Even though the trial court did not give an affirmative instruction on his theory of defense, he was not stripped of his defense thereby. The trial court instructed on presumption of innocence, reasonable doubt, and all the essential elements of receiving stolen property: that the property must have been stolen and as such was received by the defendant knowing it to have been stolen or by reason of the circumstances under which he received it he knew or had reason to believe and did believe it was stolen. The court instructed if the jury so found, beyond a reasonable doubt, it should return a verdict of guilty. On the other hand, the court instructed if the jury failed to find from the evidence the state had established each and every element thereof, it should find the defendant not guilty. These instructions went to the very essence of the question of good faith, for if the jury found the property was not received with knowledge of its stolen character, then it would of necessity have found the property to have been received in good faith.

In Burgess v. State, 206 Ark. 157, 174 S.W.2d 239, it was held:

"In prosecution for knowingly receiving stolen property, it was proper for defendant's counsel to argue to jury that purchase of tires from the garage keeper for reasonable price were circumstances inconsistent with guilt but such argument could not properly be incorporated in instructions."

It is obvious that those matters went to the question of good faith, which, the court said, would have been improper matters of instruction, for that would have constituted an invasion of the jury's province to weigh the evidence both as to guilt and innocence. It would have required the trial court to place undue emphasis on the defendant's evidence and the weight to have been given it. The question of good faith was one for argument, which no doubt was impressively presented.

 Finally, we have repeatedly held that where the defendant was not satisfied with the trial court's instructions, and he desired additional instructions upon his theory of the case, it was his duty to pre-

pare the same in writing and request the trial court to give them. Wilkerson v. State, supra; Carpenter v. State, 56 Okl. Cr. 76, 33 P.2d 637; and other cases. No such request was ever presented in this case. In view of the foregoing authorities and conclusions, on rehearing the judgment and sentence as modified is affirmed.

POWELL, P. J., concurs.

NIX, J., not participating.